## MAHER v. BENEDICT.

(Supreme Court, Appellate Division, Second Department. January 10, 1908.)

1. PARENT AND CHILD—TORTS OF CHILD—LIABILITY OF PARENT.

The owner of a motor car is not liable for injuries resulting from the negligent driving of the car by his son, merely because of his ownership, or because he permitted his son to drive the car, or because the driver was his son.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Parent and Child, §§ 145–151.]

2. MASTER AND SERVANT—EXISTENCE OF RELATION.

Defendant is not liable for injuries resulting from the negligent driving of his motor car by his son, where the son at the time was engaged in delivering presents on his own account, and had taken the car out without defendant's knowledge or consent, since the relation of master and servant did not exist between them at the time of the accident.

3. TRIAL—QUESTIONS FOR JURY—UNCONTRADICTED EVIDENCE.

In an action to recover for injuries resulting from the negligent driving of defendant's motor car, the fact that the testimony regarding the son's authority to use the car was by defendant and his son did not require its submission to the jury for that reason; their testimony being uncontradicted on that point.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 336.]

Hooker, J., dissenting.

Appeal from Westchester County Court.

Action by Thomas Maher against Albert C. Benedict. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

Ralph Earl Prime, Jr., for appellant.

Henry R. Barrett, for respondent.

JENKS, J. The action is for the negligent driving of a motor car, whereby the plaintiff's horses took fright and ran away. In consequence the plaintiff, who stood at the horses' heads, was injured. The question in the case is as to the liability of the defendant. He owned the car. At the time of the accident he was not in the car. It was driven by his son, a man 20 years old. Liability cannot be cast upon the defendant because he owned the car, or because he permitted his son to drive the car whenever he wished to do so (Cavanagh v. Dinsmore, 12 Hun, 468), or because the driver was his son (Shearman & Redfield on Negligence [5th Ed.] § 144). Liability arises from the relationship of master and servant, and it must be determined by the inquiry whether the driving at the time was within the authority of the master, in the execution of his orders, or in the doing of his work. In Cavanagh v. Dinsmore, supra, the court say:

"It is well settled that the master is not liable for injuries sustained by the negligence of his servant while engaged in an unauthorized act, beyond the scope and duty of his employment, for his own or another's purposes, although the servant is using the implements or property of the master in such unauthorized act."

As to the rule, see, also, Sheridan v. Charlick, 4 Daly, 338; Stone v. Hills, 45 Conn. 44, 29 Am. Rep. 635; McCarthy v. Timmins, 178 Mass. 378, 59 N. E. 1038, 86 Am. St. Rep. 490; Perlstein v. American Express Co., 177 Mass. 530, 59 N. E. 194, 52 L. R. A. 959; Long v. Richmond, 68 App. Div. 466, 73 N. Y. Supp. 912, affirmed 175 N. Y. 495, 67 N. E. 1084; Storey v. Ashton, L. R. 4 Q. B. 476.

Although the evidence was sufficient to establish a cause of action for negligence, it was not sufficient to sustain a judgment against this defendant. The plaintiff called the driver of the machine as a witness, who testified to his driving and the ownership of his father. On cross-examination he testified that he took out the machine on that day without his father's knowledge or direction, and that he was about his own business at the time. When recalled for the defendant he testified that the time was the day before Christmas; that he started for Pleasantville, where his grandfather lived; that it was a general custom to bring up presents to the farm hands on his grandfather's farm, and that he was carrying up a package of his old clothes; that his sisters were at the farm; and that he had started with the idea of bringing them home. He had said nothing to his father of his own proposed gift. On cross-examination he did not recall what else he was carrying besides his own old clothes. The car had been out of order, "frozen up," and it had been talked over that morning that he was to go before his sisters and take up the presents from his sisters, together with his own old clothes, but nothing of his father's or from his father. The father testifies that he did not know that his son had taken out the car; that his daughters had told him on that morning that they wished to go to Pleasantville, and of their errand, and they went by train. This witness testifies that he had told them to return by train, because the day was cold. He further testifies that the taking of the car was not discussed in his presence, and that he did not think his son was going out, or that anybody else was going out but his daughters, and that he had told his son at breakfast that it was not a fit day to drive the car.

The fact that the testimony of the circumstances surrounding the driving of the car on this occasion was given by the son of the defendant and by the defendant did not require a submission to the jury. The son had been called as a witness in the first instance by the plaintiff, who thereby certified him as creditable and to be believed so far as he was not contradicted. Rey v. Equitable Life Ins. Co., 16 App. Div. 194, 44 N. Y. Supp. 745, and authorities cited; McCarthy v. Timmins, 178 Mass. 382, 59 N. E. 1038, 86 Am. St. Rep. 490. As the testimony of the father is "not contradicted by direct evidence, nor by any legitimate inferences from the evidence, and it is not opposed to the probabilities, nor in its nature surprising or suspicious," the credibility thereof was not necessarily for the jury. Hull v. Littauer, 162 N. Y. 569, 57 N. E. 102; Molloy v. Whitehall Portland Cement Co., 116 App. Div. 839, 102 N. Y. Supp. 363.

The judgment is reversed, and a new trial is ordered; costs to abide the event.

WOODWARD and MILLER, JJ., concur. HOOKER, J., dissents. HIRSCHBERG, P. J., not voting.