(78 Misc. Rep. 297.)

## TOWERS v. ERRINGTON.

(Supreme Court, Trial Term, Richmond County. November, 1912.)

1. NEGLIGENCE (§ 14*)—PERSONS LIABLE.

An owner of an automobile can be held liable for its negligent operation only when it is operated by himself, or by his agent while engaged in doing a service for him.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 16, 17; Dec. Dig. § 14.*]

2. MASTER AND SERVANT (§ 301*)—INJURIES TO THIRD PERSON—RELATION OF PARTIES.

Where an automobile, owned jointly by defendant and his wife, was taken by the wife for a pleasure trip, and operated by her son, and defendant neither directed the trip, took part in it, nor selected the driver, the driver was not his servant or agent, and defendant was not liable for his negligent operation of the machine.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1210–1216; Dec. Dig. § 301.*]

3. PARTNERSHIP (§ 153*)—LIABILITY FOR COPARTNER'S TORTS.

A partner is liable for the torts of his copartner in prosecuting the work of the firm; each partner being the agent of his copartner in the performance of the firm's work.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 274–277; Dec. Dig. § 153.*]

4. PARTNERSHIP (§ 3*)—REQUISITES OF RELATION—COMMON OWNERSHIP OF PROPERTY.

Common ownership of property does not of itself create a partnership.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 13, 14; Dec. Dig. § 3.*]

5. NEGLIGENCE (§ 22*)—DANGEROUS MACHINERY.

An automobile is not an intrinsically dangerous machine, and hence its owner is not liable for its negligent operation by a third person.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 31, 32; Dec. Dig. § 22.*]

Action by Elizabeth Towers against Franklin A. Errington. On motion for a nonsuit at the close of plaintiff's case. Complaint dismissed.

Michael Kaufman, of New York City, for plaintiff.
Arthur O. Townsend, of New York City, for defendant.

KELLY, J. (orally). This is the case of Elizabeth Towers against Franklin A. Errington. It depends on the same facts that were presented to the court in two cases tried in the early part of the term, the cases of Augustine Spies, an infant, and of Augustus Spies, his father, against Errington; the Spies boy having been a passenger in Mr. Towers' automobile on the day of the accident.

In the two Spies cases, the court submitted the question of negligence and contributory negligence to the jury over the objections of the defendant's lawyer, who claimed that the defendant was not responsible for the accident, because it appeared that his only connection with the occurrence was the fact that he was a joint owner of the automobile with his wife, who is not sued. On the day in question the defendant was not in the automobile. He was at home in Clifton, many miles from the scene of the accident, sick, and he took no part in the excursion which resulted in the collision. His wife was taking out her stepfather and her younger child in the automobile, and it was being operated by William Errington, a minor son of the parties, a stepson of the defendant, as it appears to-day.

Now the question is: Conceding that William Errington was careless, conceding that the accident was caused solely by the negligence of the party who was operating the defendant's machine, is the defendant liable simply because of his joint ownership of the automobile with his wife?

[1] At the time of the Spies trials I thought that the case depended on the same rules as in the case of a partnership. Therefore I submitted the case to the jury. I entertained a motion for a new trial in the Spies cases, and counsel submitted briefs on both sides, which I have examined, and I have looked into the authorities

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

at some length bearing on this case. I am satisfied that in denying the defendant's motion to dismiss the case I was wrong. The defendant can only be held liable on the ground that the autcmobile in question on the day of the accident was either operated by himself, or by some agent of his engaged in doing a service for him. The doctrine of respondeat superior is the only theory on which the plaintiffs here can recover.

[2] The question is: Was the boy on the day of the accident engaged in the service or acting as an agent of the father? The authorities appear to be against the plaintiff on these propositions. I have examined a long line of cases.

In the case of Marsh v. Hand, 120 N. Y. 315, 24 N. E. 463, the defendants, as executors, leased a farm to one Cumber on shares. Cumber bought a ram, which escaped and injured the plaintiff. The Court of Appeals held that the defendants were not liable. Cumber's service in working the farm was an independent one, not subject to the control of the other parties. It was not only contemplated that he should have the sole management of the farm, but by the contract it was expressly provided that defendant executors should not interfere with his work. He was an independent contractor, in the sense that he had the right to be controlled solely by his own judgment, without interference by the other parties. The court says:

"Nor was the work a joint enterprise, in the sense sought to be applied to it. The Hands were in no manner engaged with Cumber in carrying forward the work. While they furnished and left the stock on the farm, and were to have a share in the profits, he had the entire responsibility of carrying on the business, of working it."

The Court of Appeals distinguishes the case of Champion v. Bostwick, 18 Wend. 175, 31 Am. Dec. 376, where the defendants were engaged in running a line of stages on routes divided between them. They were held jointly liable for an injury to a passenger on one of the lines, occasioned by the negligence of the driver of the stage, on the ground that the parties were engaged in a joint business operation; the court stating:

"All of the defendants were engaged in the service of carrying on the business."

As to third persons, each defendant was the agent of the other in the common work; but Judge Bradley says, in Marsh v. Hand:

"The doctrine of that case [Champion v. Bostwick] cannot be applied to the present one. One of the defendants furnished the team and equipment, and took care of them, and the other party gathered the passengers and collected the fares. Thus they both participated in the service from which the fund to be divided was derived."

And he said of the Marsh Case:

"The executors did not participate in the work, and therefore were not liable."

To the same effect is Ferguson v. Hubbell, 97 N. Y. 507, 49 Am. Rep. 544. The defendant leased a farm to one Hammond to work on shares, each party furnishing one-half the seed and being entitled to one-half the crops, and defendant was to pay Hammond $10 an

acre for clearing as much of the lot as he should choose to clear. Hammond, in clearing the lot, set fire to plaintiff's premises; but it was held that defendant was not liable, that Hammond in doing the work was an independent contractor, and that defendant had no right to interfere in the manner in which he did his work. He could choose his own time, control, and conduct, his own help, and defendant had no right to control or direct him in the manner in which he should do his work. He was, therefore, in no sense the servant of the defendant, so that the doctrine of respondeat superior could apply.

[3] This is the distinction between the case at bar and the liability of each member of a partnership for the tort of his copartner in prosecuting the work of the firm. The partner is the agent of his copartner. The work performed is the work of the firm and of each member of the firm, and consequently the liability of the partner does not depend upon whether he was present or absent at the happening of the accident. If the copartner performs the work of the partnership carelessly, each member of the firm must answer. This is the reasoning in Matter of Peck, 208 N. Y. 55, 99 N. E. 258. The court says:

"The test of the liability is based upon a determination of the question whether the wrong was committed on behalf of and within the reasonable scope of the business of the partnership. If it was so committed, the parties are liable as joint tort-feasors."

It seems to me that the distinction is here: The act must be an act "committed in behalf of and within the reasonable scope of the business of the partnership." If the partnership owned a carriage or automobile, and one of the partners took it out for his private pleasure, for a personal purpose, surely the act would not be a partnership act. If on his private excursion he injured a traveler on the highway, his partners would not be liable, for the reason that at the time he was not acting for them, or in the prosecution of their business. And this would be so, even though the other parties were present and saw him start out on his journey without objection.

[4] Common ownership of property does not of itself create a partnership. See Burdick on Partnership (2d Ed.) § 24. As the counsel for the defendant suggests:

"Suppose A. and B. jointly own a horse, each using him for his individual pleasure; would such joint ownership render B. liable for the negligent act or omission of A. while using the animal for his own personal pleasure, separate and apart from B?"

I think not. In Power v. Arnold Engineering Co., 142 App. Div. 401, 126 N. Y. Supp. 839, the officers of the defendant corporation were using its automobile on a pleasure trip, and negligently injured plaintiff. It was held that the corporation was not liable. In Clark v. Buckmobile Co., 107 App. Div. 120, 94 N. Y. Supp. 771, the general manager of the defendant went to Syracuse on his own business, taking defendant's automobile, and the chauffeur was under the direction of the general manager, and engaged in his business at the time of the accident. The court held the defendant was not liable.

[5] A different rule applies if the machine or instrument is intrinsically dangerous; but, while some people may class automobiles

in this category, the law looks upon them as ordinary vehicles. Cunningham v. Castle, 127 App. Div. 580, 111 N. Y. Supp. 1057.

The question is: Was the young man, the son of the defendant, acting as his servant or agent at the time of the accident? Was he selected by defendant to operate the automobile on this occasion? Was he doing the defendant's work? If so, the defendant would be answerable for his negligence. But the contrary appears. The defendant was not on the automobile. It was not his excursion. There is no evidence that he knew of the trip. He was sick in bed. His wife, the joint owner of the automobile, of her own initiative started out on the drive, as she had a right to do. She might have operated the machine herself, or selected any one she saw fit to operate it for her. The fact that she put her son in charge, who was also the son of the defendant, creates no liability on defendant. Defendant neither directed the trip, or took part in it, or selected the chauffeur, and he was not liable for the careless operation. McCafferty v. Spuyten Duyvil & Port Morris R. R. Co., 61 N. Y. 178, 19 Am. Rep. 267. As stated by Justice Spring, writing for the Appellate Division in the Fourth Department, in Cowell v. Saperston, 149 App. Div. 373, 134 N. Y. Supp. 284:

"The crux in all these cases is that the actual control and dominion over the servant was surrendered by the regular employer and taken over by the person in whose business he was engaged for the time being."

In Freibaum v. Brady, 143 App. Div. 220, 128 N. Y. Supp. 121, the court says, through McLaughlin, J.:

"There is nothing in the record to sustain the finding of the jury that the chauffeur, at the time the accident occurred, was acting as an employé of the defendant. The defendant did not employ, pay, direct, or control in any way; in fact, he did not know that his car was being used at the time. His only connection with the accident was the fact that he owned the car and permitted his brother to use it. I know of no principle upon which under such circumstances he can be held liable."

And the court says:

"He could not be made liable simply because he owned the car, or because the chauffeur was employed by him, if at the time he was engaged in defendant's business."

To the same effect are the cases of Cunningham v. Castle, 127 App. Div. 580, 111 N. Y. Supp. 1057; Clark v. Buckmobile Co., already cited; Maher v. Benedict, 123 App. Div. 579, 108 N. Y. Supp. 228; and Stewart v. Baruch, 103 App. Div. 577, 93 N. Y. Supp. 161.

For the reasons stated in the various cases cited, the defendant is entitled to a dismissal of the complaint, on the ground that he was not liable for the negligence of the chauffeur on the day in question, conceding that he was negligent.

The same decision will have to apply to the Spies cases.