[No. 13157.  Department Two.  April 11, 1916.]

## W. W. HAMILTON et al., Appellants, v. J. E. VIOUE et al., Respondents.[1]

HIGHWAYS — NEGLIGENT USE — COLLISION — AUTOMOBILES — JOINT OWNER—LIABILITY. Where one of two partners or joint owners of an automobile was using it on a pleasure trip of his own, and not on behalf of or within the reasonable scope of any partnership business, the other owner is not liable for damages sustained in a collision through the negligent driving of his co-owner.

SAME—STATUTES. Laws 1915, p. 396, § 33, providing that the owner of an automobile shall be equally liable with an agent or any person employed by him to operate it, does not render a joint owner of an automobile liable for the negligence of his co-owner when driving the car for his own pleasure.

Appeal from a judgment of the superior court for King county, Smith, J., entered June 19, 1915, upon findings in favor of the defendants, in an action for damages sustained in an automobile collision, tried to the court.  Affirmed as to one defendant; reversed as to the other.

C. A. Holtz (Warren H. Lewis, of counsel), for appellants.
Million & Houser, for respondents.

MORRIS, C. J.—Appellants jointly owned a Ford automobile, which collided with an Everett car owned by respondents.  Action was brought alleging a collision as a result of respondents' negligence.  Respondents counterclaimed, alleging appellants' negligence.  The cause was tried to the court without a jury, resulting in findings and judgment in respondents' favor againt both appellants.

Two errors are presented by the appeal.  First, the correctness of the findings in respondents' favor upon the question of negligence; and second, the entry of judgment against both appellants.

[1]Reported in 156 Pac. 853.

The first question presents a plain question of fact which the lower court has determined against appellants, making findings which are abundantly sustained by the weight of the testimony, and with which we agree. Appellants' main argument here, in seeking to overthrow the findings, is based upon the positions of the two machines in the ditch after the collision. It does not seem to us that the positions of the machines after being hurled from the highway into the ditch by the force of the impact is any proof of the manner in which the accident occurred, or the relative positions of the machines at the time of the collision. The fault of the accident must be determined by what took place prior to, and at the time of the collision, and we are satisfied that the negligent driving of the Ford was the cause of the collision.

The accident occurred on Saturday afternoon while W. W. Hamilton, accompanied by a gentleman and two lady friends, were out on a pleasure ride. Under the circumstances, we can find no legal liability against C. T. Hamilton. The Ford car, at the time of the collision, was neither operated by him, nor by his agent or servant while engaged in any service for him. Neither was it operated as a part of any joint enterprise in which he and his brother were engaged. Even though it should be held that the Hamilton brothers were partners in the ownership of the car (losing sight, for the moment, of the general rule that ownership of property does not of itself create a partnership), no liability will follow to C. T. Hamilton, as the record fails to show that the car, at the time in question, was operated on behalf of, or within the reasonable scope of, any partnership business. W. W. Hamilton was, at the time of the accident, using the automobile for his own personal pleasure and that of his companions. Under such circumstances, there is no rule of law that will fasten liability against C. T. Hamilton. *Jones v. Hoge*, 47 Wash. 663, 92 Pac. 433, 125 Am. St. 915, 14 L. R. A. (N. S.) 216; *Towers v. Errington*, 78 Misc. Rep. 297, 138 N. Y. Supp. 119; *Herlihy v. Smith*, 116 Mass. 265; *Lotz v. Hanlon*, 217 Pa. St.

339, 66 Atl. 525, 118 Am. St. 922, 10 L. R. A. (N. S.) 202;
*Slater v. Advance Thresher Co.,* 97 Minn. 305, 107 N. W.
133, 5 L. R. A. (N. S.) 598; *Hayes v. Wilkins* (194 Mass.
223, 80 N. E. 449, 120 Am. St. 549), 9 L. R. A. (N. S.)
1033, note.

We have a number of cases where a liability has been sustained against a community when the injury was occasioned through the negligence of one of its members, but there is a wide distinction between a community and the joint ownership here shown. In a community, there is but a single or sole ownership. Here there is a double or joint ownership. Even in cases where the community is held liable, there must be a showing of agency or service. *Birch v. Abercrombie,* 74 Wash. 486, 133 Pac. 1020, 135 Pac. 821, 50 L. R. A. (N. S.) 59.

No authorities are presented by respondents under which liability can be sustained against C. T. Hamilton. The only argument in support of liability in respondents' brief is this:

"In our opinion, it is unnecessary to quote any authorities on the question of one joint owner of an automobile being liable in damages for the negligence of his co-owner in the operation of the machine. Section 33, of chapter 142, Laws of 1915, which recites such liability of a joint owner, is in our opinion a legislative declaration of what has always been the law."

The contention that joint ownership of itself establishes joint liability for negligence is unsound. Neither is there anything in the Laws of 1915, p. 385, ch. 142, p. 396, § 33, that would establish such a rule. Because of the lack of pertinent facts, the section referred to has no application here.

The judgment is sustained as to W. W. Hamilton, and reversed as to C. T. Hamilton.

PARKER, MAIN, BAUSMAN, and HOLCOMB, JJ., concur.