THOMAS POTTS, Respondent, *v.* GEORGIE PARDEE, Appellant.

Motor vehicles — presumption that owner of automobile riding therein is liable for driver's negligence — such presumption overcome when wife is owner of automobile and driver thereof is employed by her husband.

1. While ownership of an automobile is *prima facie* evidence of the owner's responsibility for an accident caused by the driver's negligence, this presumption disappears in the face of substantial evidence that he was not in the owner's employ at that time.

2. The owner of an automobile is not liable for an injury caused by the driver's negligence if the driver is not in his employ or engaged in his business at the time, even though the owner was in the car when it occurred. So, *held*, where the wife was the owner of the automobile and the chauffeur was employed by her husband. (*Kellogg* v. *Church Charity Foundation of L. I.*, 203 N. Y. 191, followed.)

*Potts* v. *Pardee*, 162 App. Div. 936, reversed.

(Argued March 28, 1917; decided April 17, 1917.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 20, 1914, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Clarence P. Moser* for appellant. The defendant was not liable for the negligence of the driver of the automobile. (*Kellogg* v. *C. C. Foundation,* 203 N. Y. 191; *Ferris* v. *Sterling,* 214 N. Y. 249; *Reilly* v. *Connable,* 214 N. Y. 586; *Carroll* v. *Knickerbocker Ice Co.,* 218 N. Y. 435; *Van Blaricom* v. *Dodgson,* 220 N. Y. 111; *Farthing* v. *Strouse,* 172 App. Div. 523; *Heissenbuttel* v. *Meagher,* 162 App. Div. 752; *Tanzer* v. *Read,* 160 App. Div. 584; *Freibaum* v. *Brady,* 143 App. Div. 220; *Maher* v. *Benedict,* 123 App. Div. 579.)

*Frederick Wiedman* for respondent. The automobile at the time of the accident was in the custody and control of the defendant's agent or servant and she is responsible for his negligence in its operation. (*McCann* v. *Davidson,* 145 App. Div. 522; *Norris* v. *Kohler,* 41 N. Y. 42; *Stewart* v. *Barueb,* 103 App. Div. 577; *Cullen* v. *Thomas,* 150 App. Div. 475; *Sharp* v. *Erie Co.,* 184 N. Y. 100; *Casey* v. *Davis & F. M. Co.,* 209 N. Y. 25; *Becker* v. *Koch,* 104 N. Y. 394; *Manhattan Co.* v. *Phillips,* 109 N. Y. 383; *Cross* v. *Cross,* 108 N. Y. 628; S. & R. on Neg. [4th ed.] § 160; *Tanzer* v. *Read,* 160 App. Div. 584; *Rush* v. *Dilks,* 43 Hun, 282.)

McLAUGHLIN, J. The plaintiff, on the 23d of June, 1910, while lawfully using one of the public streets of the city of Rochester, was struck by an automobile and very seriously injured. He brought this action to recover the damages sustained on the ground that the same were caused by the alleged negligence of the defendant. The

answer, while admitting that the plaintiff was injured by an automobile at the time and place stated, put in issue the other material allegations of the complaint. At the trial the plaintiff had a verdict for a substantial amount, upon which judgment was entered, from which defendant appealed. The Appellate Division, by divided court, affirmed the judgment, and the present appeal is taken therefrom.

The facts are not complicated, and the only question which I deem it necessary to consider is whether there was any evidence which justified a finding that the defendant was in any way responsible for the plaintiff's injuries. The defendant, her husband, son and a chauffeur by the name of Fraser, shortly prior to the accident, started on a trip to visit friends, and in passing through the city of Rochester the accident occurred. The automobile was owned by the defendant and this fact was *prima facie* evidence of her responsibility for the manner in which it was driven. (*Ferris* v. *Sterling*, 214 N. Y. 249; *Kellogg* v. *Church Charity Foundation of L. I.*, 203 N. Y. 191.) The presumption growing out of a *prima facie* case, however, remains only so long as there is no substantial evidence to the contrary. When that is offered the presumption disappears, and unless met by further proof there is nothing to justify a finding based solely upon it. (*Matter of Carroll* v. *Knickerbocker Ice Co.*, 218 N. Y. 435.) Here the presumption arising from the fact of ownership was entirely destroyed by the other evidence. The plaintiff called as a witness Fraser, who was driving the car at the time the accident occurred, and thereby certified him to be credible. (*Maher* v. *Benedict*, 123 App. Div. 579.) Fraser testified that he was not in the employ of the defendant, but was at the time of the accident, and for nearly twenty years prior thereto had been in the employ of defendant's husband; that he was hired by the husband, was paid by him, and received his orders from him — including those with reference to the trip

28

which was then being taken. His testimony was not in any respect suspicious and was fully corroborated by the testimony of the defendant. The jury was not at liberty to disregard this testimony and it established that Fraser at the time the accident occurred was the servant of defendant's husband.

The husband died about two years after the accident, and prior to the trial. Fraser, at the time of the trial, was not in defendant's employ, though she had retained him for a few months after her husband's death. The plaintiff, evidently appreciating that it would be necessary to prove that the chauffeur was in the employ of the defendant when the accident occurred, induced her to sign a statement falsely alleged to be desired by Fraser for the purpose of obtaining another position. In this statement was a question as to how long he had been employed by her. She answered it by stating the aggregate number of years he had been employed by herself and husband. This statement was offered in evidence at the trial as *some* proof that he was in fact employed by her when the accident occurred. When considered, however, with the other evidence in the case it did not tend to prove that fact or justify a finding to that effect. The alleged purpose for which the statement was obtained might fairly be said to relate to the employment by her husband and herself, and it is quite evident it was so understood by her. Indeed it is not an uncommon thing for a husband and wife to use the plural when speaking of their individual possessions used in common by both, *e. g.*, "our residence," "our servants," "our autmobile." Under the circumstances it was a natural thing for her not to have distinguished between the time the chauffeur was employed by her husband and her personally. In any view such statement did not justify submitting the case to the jury or it in finding that Fraser at the time the plaintiff was injured was her servant.

It has been settled by numerous authorities in this

state at least that when it appears in an action against the owner of an automobile for damages sustained that the driver was not in his employ nor engaged in his business a plaintiff cannot recover. (*Van Blaricom* v. *Dodgson*, 220 N. Y. 111, and cases cited; *Reilly* v. *Connable*, 214 N. Y. 586; *Kellogg* v. *Church Charity Foundation of L. I.*, 203 N. Y. 191; *Farthing* v. *Strouse*, 172 App. Div. 523; *Heissenbuttel* v. *Meagher*, 162 App. Div. 752; *Tanzer* v. *Read*, 160 App. Div. 584.) The reason underlying this rule is the general one that a party injured by the negligence of another must seek his remedy against the person whose actual negligence caused the injury and that such person alone is liable. (*King* v. *N. Y. C. & H. R. R. R. Co.*, 66 N. Y. 181.) The case of master and servant is an exception to the general rule and the negligence of the latter is imputable to the master where the servant is doing the act which occasions the injury and is at the time acting within the scope of his employment. This exception is based upon the fact that the servant is standing in the master's place and is acting for and representing him — since he must obey his orders. (*Engel* v. *Eureka Club*, 137 N. Y. 100.)

But it is strenuously urged by the respondent that the defendant may be held liable, notwithstanding the rule established by the authorities cited, because she was the owner of the car and in it at the time the accident occurred. This cannot be done unless the rule which makes one person responsible for the torts of another be entirely disregarded. If a change in this respect is to be made it should be done by legislative enactment and not by judicial decree.

A question somewhat similar to the one under consideration was recently considered in *Hartley* v. *Miller* (165 Mich. 115). There, the defendant loaned his automobile to a friend for a ride and was finally persuaded to accompany him. The plaintiff was injured through the negligent manner in which the automobile was driven by

defendant's friend, and brought action against the owner. The plaintiff's contention was essentially the same as that made by respondent in the present case. It was stated by the court as follows: "It is the contention of the plaintiff that, because defendant Miller was present and the machine was being used with his consent at the time of the injury complained of, he is liable; that an automobile being a dangerous machine, its owner should be held responsible for the manner in which it is used." The court, however, held that since at the time of the accident the automobile was not being driven by defendant, nor subject to his control, he was not liable for the negligent way it was driven, notwithstanding his presence in it.

In principle the present case cannot be distinguished from *Kellogg* v. *Church Charity Foundation of L. I. (supra).* There, the defendant owned an ambulance for which it hired a horse and driver from a livery stable. The plaintiff was injured through the negligence of the driver, but this court held that notwithstanding the fact that the ambulance was owned by and at the time was being used for the defendant's purposes, the undisputed evidence that the defendant did not employ or pay the driver, and did not possess the right to discharge him, could not be disregarded and consequently there was no evidence to sustain a verdict against defendant. In that case as in this the accident was caused by the negligent driving of the servant of another, whom the defendant did not select or control, and whom he could not discharge. Though at the time there was a representative of the defendant in the ambulance, and it was then being used for its purposes, the court nevertheless held there was no evidence establishing the relation of master and servant between the defendant and driver, and in its absence the owner could not be held liable.

I am of the opinion the complaint should have been dismissed and that the evidence did not justify a finding that the defendant was responsible for plaintiff's injuries.

The judgment, therefore, should be reversed and a new trial granted, with costs to abide event.

HISCOCK, Ch. J., HOGAN, POUND and ANDREWS, JJ., concur; CHASE and CRANE, JJ., dissent on the ground that defendant was engaged in a joint undertaking with her husband at the time of the accident.

Judgment reversed, etc.