NICHOLAS J. QUIRK, Appellant, v. CHARLES H. WORDEN, Respondent.

Third Department, March 3, 1920.

**Motor vehicles — negligence — injury caused by motor truck borrowed without owner's permission.**

Where in an action to recover damages for personal injuries caused by a motor truck owned by the defendant it appears that the person who was driving the truck at the time of the accident borrowed the same at the owner's garage without his knowledge, a verdict for the plaintiff is contrary to the evidence and a new trial should be granted.

APPEAL by the plaintiff, Nicholas J. Quirk, from an order of the Supreme Court, made at the Broome Special Term and entered in the office of the clerk of the county of Broome on the 22d day of November, 1919, vacating and setting aside a judgment in favor of the plaintiff and granting defendant's motion for a new trial.

*McManus & Buckley* [*Peter J. McManus* of counsel], for the appellant.

*Mangan & Mangan* [*Frank J. Mangan* of counsel], for the respondent.

WOODWARD, J.:

This is an appeal from an order of the court granting defendant's motion for a new trial, in an action for negligence, on the ground that the verdict was contrary to the evidence. There is no dispute that the defendant is the owner of a motor car which collided with the plaintiff, producing personal injuries for which the jury has given a verdict for $1,800. The defendant was called as a witness in behalf of the plaintiff, and testified to his ownership of the car, which would, of course, establish a *prima facie* case of responsibility on his part for the accident. Upon cross-examination, however, he testified that he did not know that any one was driving the car on the day of the accident; that Vernice Nichols, who was concededly driving the car at the time of the accident, was not in his

employ on the day of the accident; that he did not see Nichols on that day, and that he did not know of the accident until the day afterward, when his employee told him that Nichols had had the car and had wrecked it. He was supported in this by apparently fair and disinterested witnesses, who testified that Nichols came to the defendant's garage in defendant's absence and asked the defendant's salesman to loan him a car to move some household goods, and that he was permitted to take the car — a truck — for this purpose.

We are of the opinion that the verdict is clearly against the weight of evidence and that the learned trial court properly granted the motion of defendant for a new trial, the cases of *Potts* v. *Pardee* (220 N. Y. 431) and *Rose* v. *Balfe* (223 id. 481) being sufficient authority for such action.

The order appealed from should be affirmed.

All concur, except KILEY, J., not voting.

Order affirmed, with costs.