JOHN J. DONOVAN, Appellant, v. JOHN C. MABEN, Respondent.— Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. In *Oshinsky* v. *Gumberg* (188 App. Div. 23) this court formulated an opinion which contained the rules that should guide the court in determining motions of this kind. Under the authority of that case the motion to vacate the order for examination of defendant should have been denied. Jenks, P. J., Mills, Blackmar, Kelly and Jaycox, JJ., concur.

WALTER J. DUFFY, Respondent, v. HERBERT S. ASCHER and SYLVIA ASCHER, Appellants.— Judgment affirmed, with costs, as to appellant Sylvia Ascher. Judgment reversed and a new trial granted, with costs to abide the event, as to defendant Herbert S. Ascher. The burden of proof was upon the plaintiff to show that the defendant husband was responsible for the negligence of his wife in operating the car at the time of the accident. While his ownership of the automobile was *prima facie* evidence of responsibility, the presumption disappears in the face of evidence that he was not present and took no part in operating the car at the time of the accident. (*Potts* v. *Pardee*, 220 N. Y. 431.) The fact that the car was operated by his wife was not enough without showing that the principle of *respondeat superior* applied to the case presented. No attempt was made by the plaintiff to show that the wife was engaged upon the husband's business at the time. The evidence shows that she was interested in war work involving operation of automobiles for which the husband was not liable, and the mere fact that she had her seven-year-old daughter with her is insufficient to meet the defendant's denial of knowledge of her operation and purposes. The learned trial judge dismissed the complaint as to the husband at the close of plaintiff's case, but subsequently reversed his decision and submitted the question of the husband's liability to the jury as a question of fact. We think the original disposition was right and that it was error to submit the case against the husband to the jury. (*Farthing* v. *Strouse*, 172 App. Div. 523, and cases cited; *Towers* v. *Errington*, 78 Misc. Rep. 297; affd., without opinion, 156 App. Div. 892; *Van Blaricom* v. *Dodgson*, 220 N. Y. 111; *Potts* v. *Pardee*, Id. 431; *Doran* v. *Thomsen*, 76 N. J. L. 754.) Jenks, P. J., Mills, Putnam, Blackmar and Kelly, JJ., concur.

FALLKILL CONSTRUCTION COMPANY, INC., Respondent, v. GEORGE C. HUDSON, Appellant.— The affirmative testimony of Stow, that plaintiff lent the 420 feet of cable for use by this digger while engaged on this contract, is not denied by Day, the engineer, although he gives an account of the transaction somewhat different. Therefore, we cannot reject the court's finding of fact that the cable was so furnished to be afterwards left on the dock at the end of the work. It is admitted that instead of being left on the dock it was taken away after the digger had finished the work. The judgment for its value is, therefore, unanimously affirmed, with costs. Present — Jenks, P. J., Mills, Putnam, Blackmar and Kelly, JJ.