Arthur F. Riley, an Infant, by Eleanor D. Riley, His Guardian ad Litem, Respondent, *v.* The Standard Oil Company of New York, Appellant.

Second Department, April 16, 1920.

Master and servant — negligence — when acts of truck driver while returning from personal unauthorized trip are not within scope of his employment.

Where a driver instructed by his employer to go to the railroad station, load his truck and return to the factory, proceeded after loading his truck in an opposite direction to deliver some wood to his sister, and on his return to his legitimate employment and route and while a short distance from his sister's residence, but not between the railroad station and his employer's factory, he ran over a child, his acts while on this personal unauthorized trip were not the acts of his employer or within the scope of his employment. The connection between master and servant was broken while he was engaged upon the unauthorized trip for his own personal ends and purposes.

Hence, the finding of negligence on the part of the employer implied in the verdict for the infant and judgment entered thereon should be reversed and the complaint dismissed.

APPEAL by the defendant, The Standard Oil Company of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 2d day of December, 1919, upon the verdict of a jury for $25,000, and also from an order entered in said clerk's office on the 29th day of November, 1919, denying defendant's motion to set aside the verdict and for a new trial made upon the minutes.

*Andrew F. Van Thun, Jr.* [*Percy G. King, John J. Barry* and *Martin Carey* with him on the brief], for the appellant.

*George F. Hickey* [*Lawrence T. Gresser* with him on the brief], for the respondent.

KELLY, J.:

The accident in which the infant plaintiff met with his injuries occurred at a time when the driver of defendant's truck was engaged, contrary to his instructions, in a personal errand. He was instructed to go to the railroad station, to load his truck with barrels of paint and to return to the factory of the defendant. Instead of doing this, having loaded his truck, he proceeded in an opposite direction to carry some wood, gathered in the railroad yard, to his sister's home, entirely as a personal, brotherly service. Having delivered the wood to his sister, he turned his truck around to come back to his legitimate employment and route, and had proceeded but a short distance in the street in which his sister resided when he ran over the plaintiff. The point at which the accident occurred was not between the railroad station and defendant's factory, but beyond the station, in the opposite direction. Under these circumstances, his acts while on this personal unauthorized trip were not the acts of his employer or within the scope of his employment. The connection between the master and servant was broken while he was engaged upon that unauthorized trip for his own personal ends and purposes. (*Reilly* v. *Connable,* 214 N. Y. 586; *O'Brien* v. *Stern Brothers,* 223 id. 290; *Fallon* v. *Swackhamer,* 226 id. 444.) We

think the ruling in *Jones* v. *Weigand* (134 App. Div. 644) should not be extended beyond the facts in that case.

The judgment and order should be reversed, with costs, and the complaint dismissed, with costs. This court unanimously reverses the finding of negligence upon the part of defendant implied in the verdict of the jury.

JENKS, P. J., MILLS, BLACKMAR and JAYCOX, JJ., concur.

Judgment and order reversed, with costs, and complaint unanimously dismissed, with costs. This court unanimously reverses the finding of negligence upon the part of defendant implied in the verdict of the jury.