HARRY PERLMUTTER, an Infant, by JOSEPH PERLMUTTER, His Guardian ad Litem, Respondent, v. JAMES BYRNE, Appellant.

First Department, November 12, 1920.

**Motor vehicles — negligence — infant struck by automobile at blind corner — when issue of contributory negligence for jury — use of automobile by chauffeur for his own purposes — when owner not liable — when interest of witnesses does not raise question of fact for jury.**

Where the plaintiff, a boy sixteen years of age, while passing a blind corner was run down by the defendant's automobile which came up to the corner without warning, the plaintiff cannot be held guilty of contributory negli-

gence as a matter of law and that issue was properly a question for the jury.

But the defendant, owner of the automobile, is not liable for the injury aforesaid where it appeared that at the time of the accident and without the defendant's consent his chauffeur, having left his employer at a theatre, was using the car to go to his own house, a mile distant from the garage, for the purpose of informing his wife that he would be out late in the evening as he had to call at the theatre for his employer, for at the time of the accident he was not acting in his master's business.

*It seems,* that even if the master knew of and had permitted such use of the car by his chauffeur still the act would not have been in the master's service.

As the fact that the chauffeur was not at the time of the accident acting in his master's business is not contradicted by any evidence it cannot be claimed that there was a question of fact for the jury because the witnesses for the defendant were all interested witnesses.

A claim supported by the testimony of a party alone is not necessarily for the jury if there be no discrediting circumstances.

APPEAL by the defendant, James Byrne, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 17th day of December, 1919, upon the verdict of a jury for $2,000, and also from an order entered in said clerk's office on the 16th day of December, 1919, as resettled by an order entered in said clerk's office on the 12th day of January, 1920, denying defendant's motion for a new trial made upon the minutes.

*Bertrand L. Pettigrew* of counsel [*Walter L. Glenney* with him on the brief], for the appellant.

*John B. Doyle* of counsel [*Max Ehrlich* with him on the brief], *Gustave Posner*, attorney, for the respondent.

SMITH, J.:

The main issue raised which the defendant desires decided is, *first,* as to the contributory negligence of plaintiff as matter of law, and, *secondly,* upon the question as to whether the automobile was being used by the defendant's chauffeur in the master's business at the time of the accident. Upon the question of contributory negligence I do not think it can be said as matter of law that the plaintiff was guilty

of such negligence. The plaintiff, a boy sixteen years of age, was passing a blind corner. He might reasonably expect that an automobile coming up to such corner would give warning. He heard none. While the finding of the jury that he was guilty of contributory negligence would probably have been sustained, nevertheless, there will always remain a question for the jury upon this branch of the case and the finding of the jury cannot be said to be contrary to the evidence.

Upon the second question I am unable to see how the defendant can be held liable. The defendant's garage was at Eighty-third street. The chauffeur had taken the defendant and his wife to a theatre and was to call for them at the theatre. The chauffeur took the car up to One Hundredth street where he lived, as he says, for the purpose of telling his wife that he might be out late. Not finding his wife at home he then turned and went towards One Hundred and Second street where his mother lived for the purpose of finding his wife, and in going up to One Hundred and Second street the accident occurred. It is difficult to conceive how his going to tell his wife that he would not be in until late can be deemed a part of the master's business. This was not a slight deviation which can be held to be one of the ways to the garage. It was a mile above the garage. It was the chauffeur's duty to take the car back to the garage, and when he assumed to take the car up to his home he was not in the master's service. Even if the master knew of it and permitted it, I cannot see how even then this act would have been in the master's service. In the case of *Reilly* v. *Connable* (214 N. Y. 586) Judge COLLIN in the Court of Appeals held, where a chauffeur took the car for the purpose of getting some meat for his own family, that that was not in the master's service and there says that even if he did it with the consent of the owner, it would still be for the benefit of the chauffeur and not for the benefit of the master. There is nothing whatever to show the consent of the owner of the car — the defendant in this action. It is claimed, however, that the facts in the case sworn to on behalf of the defendant are all of them sworn to by interested witnesses and, therefore, the question is a question of fact for the jury. A presumption

originally attaches that a servant or chauffeur with the defendant's car is upon the master's business. Whatever may be the force of that presumption, in this case there is no contradiction either by the evidence of any witness or the circumstances surrounding the case of the defendant's evidence to the effect that there was no business of the defendant which was being transacted by the chauffeur. Under such circumstances I understand that it may be ruled as matter of law. In *Kelly* v. *Burroughs* (102 N. Y. 93) it is held that a claim supported by the testimony of a party alone was not necessarily for the jury if there be no discrediting circumstances. (*Potts* v. *Pardee*, 220 N. Y. 431; *Fallon* v. *Swackhamer*, 226 id. 444; *Wolcott* v. *Renault Selling Branch*, 223 id. 288; *Riley* v. *Standard Oil Co.*, 191 App. Div. 490.)

The judgment and order should be reversed, with costs, and the complaint dismissed, with costs.

CLARKE, P. J., LAUGHLIN, DOWLING and GREENBAUM, JJ., concur.

Judgment and order reversed, with costs, and complaint dismissed, with costs.