MOLLIE POWERS, Respondent, *v.* EDWARD S. WILSON, Appellant, Impleaded with KENNETH WILSON, Defendant.

Third Department, November 15, 1922.

Motor vehicles — action to recover for injuries suffered in collision with car owned by appellant — car operated by adult son of owner at time of accident — presumption that car was being operated for benefit of owner may be overcome by evidence — owner not liable where son was using car for his own pleasure — uncontradicted testimony of owner that car was not being driven for his benefit, not opposed to probabilities, and was not suspicious — credibility of owner was not for jury — testimony of owner corroborated and was conclusive and overcame presumption of liability arising from ownership — misstatement by son in taking out license did not affect owner's credibility — general authority in son to run car did not show that car was being run for owner at time of accident — presumption of liability arising from ownership overcome as matter of law — motion to dismiss complaint at close of case should have been granted as to owner.

In an action against the owner of an automobile to recover for injuries received in a collision, the presumption based on ownership that the automobile was being driven at the time of the accident for the use and benefit of the owner may be overcome by substantial evidence to the contrary.

The owner of an automobile is not liable as principal for injuries suffered by a third person in a collision between the automobile, which was kept primarily for family use, and another automobile, where the automobile was being operated at the time of the accident by a capable adult son of the owner for the son's own pleasure and convenience.

At the time of the accident in the instant case the automobile was being driven by the adult son of the owner and the owner testified that the car was purchased by him for family use, that it was not needed or used by him in his business, that at the time of the accident the son was using the car without his specific permission and without his knowledge. This testimony of the owner was corroborated by other witnesses and was not directly contradicted by any other evidence nor by inferences which might fairly be made from the evidence.

Accordingly, the credibility of the owner did not present a question for the jury for, although he was an interested witness, he was not contradicted by direct evidence, nor by any legitimate inferences from the evidence, and his testimony was not opposed to the probabilities of the case nor was it in its nature surprising or suspicious.

His testimony then was conclusive on the question that the automobile at the time of the accident was not being driven for his use or benefit.

The fact that the son made a misstatement in applying for the license, to the effect that he was the owner of the car, while it might affect the credibility of the son, had no bearing upon the credibility of the owner.

Although the son may have had a general authority conferred upon him to run the car, that did not establish that the car was being used in the service of the owner at the time of the accident, in view of the substantial evidence to the contrary.

Under the circumstances of the case it must be ruled, as a matter of law, that the presumption that the car was being driven at the time of the accident for the use and benefit of the owner, was overcome by substantial testimony, and there being no other proof to justify a finding that the car was being operated for the benefit of the owner, the motion to dismiss the complaint as to the owner, made at the close of the entire case, should have been granted.

APPEAL by the defendant, Edward S. Wilson, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of St. Lawrence on the 23d day of January, 1922, upon the verdict of a jury for $2,000, and also from an order entered in said clerk's office on the 30th day of January, 1922, denying defendant's motion for a new trial made upon the minutes.

*George E. Van Kennen* [*Edmund FitzGerald* of counsel], for the appellant.

*Dallas M. Hazelton* [*Delos M. Cosgrove* of counsel], for the respondent.

HINMAN, J.:

The plaintiff was a passenger in an automobile and received injuries arising out of its collision with another. The other automobile was owned by the appellant, Edward S. Wilson, but was being driven at the time by the son of the appellant, namely, the defendant Kenneth Wilson. The son was twenty-two years of age and apparently had had plenty of experience as a driver. The father, Edward S. Wilson, was not present. The only other person in the defendant's car at the time was another young man, a friend of the son, who worked in the same factory with the son at the time, a business apparently having no relation to the business of the father. The father ran a lunch room and a pool room where he also sold cigars and confectionery. The father had no business use for the car so far as the record shows and he testifies that he had no other purpose in purchasing the car than the pleasure and convenience of his family. He says he never drove the car himself; that at times he had ridden in the car when the son drove it; that on this particular occasion he did not know that the car was being driven; that the son was on no errand for him at the time; that he never paid his son for any services in driving the car and that the son paid his own expenses if he took the car. The son testifies that during the year or more after his father had owned the car he, the son, had driven the car considerably; sometimes at the request of his father; sometimes at the request of his mother or other members of the family and sometimes for his own sole purpose. When he wished to use the

car for himself he sometimes asked his father for permission and sometimes he did not. He testifies that at the time in question he did not obtain permission but at the close of his working day he and a friend had taken the car and had driven to Canton for their own pleasure; that upon arriving at Canton they drove around and went to the fair ground and then to the depot at Canton, where they parked the car and spent some time talking with some girls, one of whom was a witness and who confirmed this portion of the story, as did some of plaintiff's witnesses. She says he invited her to ride with him over to Potsdam. She was at the station for the purpose of taking a train to that place. He says that there was a suggestion made that the girls ride over to Potsdam with him but that the girls refused the invitation. This girl apparently took the train for Potsdam. After conversing with the girls, the defendant, Kenneth Wilson, drove the car up to the St. Lawrence University grounds at Canton and on the way back he and his companion decided, according to the former's story, to drive from Canton to Potsdam. He says: "We thought we would go down to a dance or just for the pleasure of it." It is undisputed that they started out toward Potsdam and had proceeded several miles in that direction when the collision occurred with the car in which the plaintiff was riding, which at the time was proceeding from Potsdam toward Canton. His companion corroborates the story as to what transpired that day.

The sole issue presented upon this appeal is with reference to the liability of the defendant, appellant, Edward S. Wilson, the owner of the car. The plaintiff introduced no testimony with reference to the liability of that defendant, relying upon his conceded ownership and the presumption of law that, being the owner of the car, it was in use for his benefit and on his own account. (*Ferris* v. *Sterling*, 214 N. Y. 249.) " The presumption growing out of a *prima facie* case, however, remains only so long as there is no substantial evidence to the contrary. When that is offered the presumption disappears, and unless met by further proof there is nothing to justify a finding based solely upon it." (*Potts* v. *Pardee*, 220 N. Y. 431, 433; *Rose* v. *Balfe*, 223 id. 481, 486.) The question is whether there is " substantial evidence to the contrary " in this case.

The theory that a father is liable as principal every time he permits a capable adult son to use for his personal convenience an automobile primarily kept by the father for family use, has not been adopted as the law of this State. (*Van Blaricom* v. *Dodgson*, 220 N. Y. 111.) If liability is to be predicated against such an owner in that way, simply upon the basis of the general

security of life and limb of the public, legislation is needed to create
that liability as a condition of issuing a license.   The doctrine of
agency cannot be stretched to reach such a case.   (*Van Blaricom*
v. *Dodgson, supra; Cunningham* v. *Castle*, 127 App. Div. 580, 588.)
" An owner who gratuitously loans his car to a servant or even
to a member of his own family for such person's own particular
pleasure, presumably is interested in the pleasure and, inferentially,
in the good health and spirits of such other person.   And yet it
cannot be doubted that such particular pleasure is not thereby
made the employer's business in any legitimate sense of the words.
The test of the employer's liability is such employer's business as
distinguished from the employee's business or pleasure in using
the car." (*Stenzler* v. *Standard Gas Light Co.*, 179 App. Div.
774.)   " The person driving, whether the servant or agent as a
member of the family, must at the time be engaged in the owner's
business or purpose, to render him liable." (*Fallon* v. *Swackhamer*,
226 N. Y. 444. See, also, *Rose* v. *Balfe*, 223 N. Y. 481; *O'Brien*
v. *Stern Brothers*, Id. 290; *Potts* v. *Pardee*, 220 id. 431; *Reilly* v.
*Connable*, 214 id. 586; *Perlmutter* v. *Byrne*, 193 'App. Div. 769;
*De Smet* v. *Niles*, 175 id. 822; *Heissenbuttel* v. *Meagher*, 162 id.
752; *Tanzer* v. *Read*, 160 id. 584; *Freibaum* v. *Brady*, 143 id. 220;
*Maher* v. *Benedict*, 123 id. 579.)

If the testimony of the defendants in this case is to be credited,
the car of the defendant Edward S. Wilson was not being driven
in his service at the time, under the above authorities, and he is
not liable to the plaintiff for her injuries.

Generally the credibility of a witness who is a party to the
action and, therefore, interested in the result, is for the jury, and
there have been automobile cases, involving the conclusiveness of
the testimony of defendants as against the presumption of liability
attaching to ownership, in which the courts have held that the
credibility of their testimony was a question for the jury.   (*Ferris*
v. *Sterling*, 214 N. Y. 249; *Bogorad* v. *Dix*, 176 App. Div. 774;
*Cunningham* v. *Castle*, 127 id. 580.)

The rule that the testimony of an interested witness and his
credibility present a question of fact for the jury is not, however,
a rule of universal application.   There is a rule that when a party
calls a witness he presents him to the jury as worthy of belief, as
one whose testimony is to be relied upon so far as it is not con-
tradicted.   (*Becker* v. *Koch*, 104 N. Y. 394; *Rey* v. *Equitable Life
Assurance Society*, 16 App. Div. 194.)   This latter rule has been
applied in a number of cases where the owner of the car, or the
driver of the car, or both, have been called as witnesses for the
plaintiff, thus vouching for the credibility of their testimony, in

which cases the court has held that their testimony was "substantial evidence" that the car was not at the time being used in the business of the owner and that the presumption of liability on the part of the owner was overcome. (*Van Blaricom* v. *Dodgson,* 220 N. Y. 111; *Potts* v. *Pardee,* Id. 431; *Rose* v. *Balfe,* 223 id. 481; *Maher* v. *Benedict,* 123 App. Div. 579; *De Smet* v. *Niles,* 175 id. 822; *McGovern* v. *Oliver,* 177 id. 167.) In the case at bar, however, neither of the defendants was called as a witness for the plaintiff. Therefore, it is contended by the respondent that the presumption was not overcome as a matter of law by the testimony of these interested witnesses and that their credibility was a question of fact for the jury.

There is another exception, however, to the rule that the credibility of the testimony of an interested witness is one of fact for the jury. It is the settled law of this State that where " the evidence of a party to the action is not contradicted by direct evidence, nor by any legitimate inferences from the evidence, and it is not opposed to the probabilities; nor, in its nature, surprising, or suspicious, there is no reason for denying to it conclusiveness." (*Hull* v. *Littauer,* 162 N. Y. 569, 572; *Second National Bank* v. *Weston,* 172 id. 250; *Molloy* v. *Whitehall Portland Cement Co.,* 116 App. Div. 839; *Kelly* v. *Burroughs,* 102 N. Y. 93; *Lomer* v. *Meeker,* 25 id. 361; *Perlmutter* v. *Byrne,* 193 App. Div. 769; *Maher* v. *Benedict,* 123 id. 579.)

The cases of *Perlmutter* v. *Byrne* (*supra*) and *Maher* v. *Benedict* (*supra*) are directly in point. In the former case the chauffeur, having left his employer at a theatre, was using the car to go to his own home to inform his wife that he would be out late in the evening and the accident happened while he was engaged on this errand. It was contended that the facts in the case sworn to on behalf of the defendant were all of them sworn to by interested witnesses and that there was a question of fact for the jury. The court said: " A presumption originally attaches that a servant or chauffeur with the defendant's car is upon the master's business. Whatever may be the force of that presumption, in this case there is no contradiction either by the evidence of any witness or the circumstances surrounding the case of the defendant's evidence to the effect that there was no business of the defendant which was being transacted by the chauffeur. Under such circumstances I understand that it may be ruled as matter of law. In *Kelly* v. *Burroughs* (102 N. Y. 93) it is held that a claim supported by the testimony of a party alone was not necessarily for the jury if there be no discrediting circumstances." The same rule was applied in *Maher* v. *Benedict* (*supra*).

In the case at bar it was the testimony of the appellant, the owner of the car, that he was not present at the time of the accident; that he had not authorized the use of this car on this occasion; that he did not even know that the car was out at the time; that he had no business use for the car; that he had purchased it and maintained it for the pleasure and convenience of his family; that he did not hire his son as his chauffeur but that the son was accustomed to use the car at times for his sole pleasure and at his own expense, which was true of the occasion in question. This testimony is uncontradicted and unshaken; it is positive and direct; it is substantial; it is in accord with common experience and observation in the use of a family car by a member of the family and is sustained by the other proof in the case consisting of the testimony of the son and of his companion. His presence at the station visiting with the girls is confirmed by one of the girls and is in fact conceded by some of the plaintiff's witnesses. The car was headed at the time in the direction of Potsdam, the home of one of the girls with whom the boys had been conversing at the station. The testimony of the appellant Edward S. Wilson is not contradicted either by direct evidence or by any reasonable inference therefrom and is not improbable, surprising or suspicious. The testimony presents no reason for suspecting that these boys were engaged in any business relating to the appellant. It presents no reason for inferring that the purpose of their ride was anything other than their own personal pleasure.

The respondent makes much of an incident in relation to the licensing of this car, it appearing that the son had made out the application blank in which he had assumed to be personally the owner of the car when he knew that it was owned by his father. This he explains by saying that he had indicated the truth to the agent through whom he made application for a license and had been informed that it was proper for him to assume to make the application himself since it was the car that was being licensed and not the owner. Assuming that this may have had some bearing upon the credibility of the testimony of the son, I fail to see how it has any bearing upon the credibility of the testimony of the father, who admitted that he was the owner of the car and who did not seek to evade liability by claiming the contrary. Assuming that this evidence together with the other testimony in the case tended to show a general authority conferred upon the son to run the car, it did not show that the car was being used in the service of the owner at the time in question in the face of substantial evidence to the contrary any more than if the son had been a chauffeur employed by the owner as in the case of *Reilly* v. *Connable* (214 N. Y. 586) and other similar cases above cited.

This case is unlike that of *Ferris* v. *Sterling (supra)*, which is relied upon by the respondent, in which the father and son were not called as plaintiff's witnesses and the question of their credibility was held to be one of fact for the jury. It is to be noted that in that case the defendant denied ownership in the face of the issuance of the license and insurance policies in his name. In the case at bar the father admits ownership and there is no such parallel of suspicious circumstance. Moreover, in the case of *Ferris* v. *Sterling (supra)* it was conceded that because of the illness of the father, who ran a livery stable, the son had been given the management of his business in large measure. The claim that the business did not include the running of the car in question and the discrepancy between the testimony of the father and of the son as to whether or not there had been a conversation between them as to the son's use of the car, just prior to the accident, must have led the court to say: " Their narrative was not without its suspicious or improbable features." In the case at bar the question of ownership is not in dispute and there is no suspicious or improbable feature having any relation whatsoever to the use of the car at the time.

Under the circumstances of this case it must be ruled as a matter of law that the presumption has been overcome by substantial testimony and there being no further proof to justify a finding that the car was being operated for the benefit of the appellant Edward S. Wilson, there should be a reversal of the judgment and order herein so far as that defendant is concerned. The motion to dismiss the complaint, made at the close of the entire case should have been granted.

As to the defendant Edward S. Wilson the judgment and order should be reversed on the law and as to him the complaint should be dismissed, with costs.

H. T. KELLOGG, Acting P. J., KILEY, VAN KIRK and HASBROUCK, JJ., concur.

Judgment and order reversed on the law as to the defendant Edward S. Wilson and as to him the complaint is dismissed, with costs.