In the Matter of the Claim of JOHN P. DAUS, Appellant, against GUNDERMAN & SONS, INC., and THE CENTURY INDEMNITY COMPANY OF HARTFORD, CONNECTICUT, Respondents. STATE INDUSTRIAL BOARD, Respondent.— Appeal by claimant from a decision denying an award. He was injured when an automobile, which he was driving, struck a telegraph pole. He was employed by Gunderman & Sons, Inc., as a traveling salesman. The employer is engaged in selling automobile power brakes and general brake service; also material used in connection with truck-frame extensions, six-wheel attachments for trucks, brake linings, and Bendix equipment. The employer furnished an automobile to claimant and paid the expenses of its operation. Its president gave evidence tending to indicate that claimant was injured while engaged in his employment, and that the injury arose out of the employment. Claimant had spent the evening riding about in the employer's automobile, with a prospective purchaser who contemplated opening a retail store for the disposal of merchandise sold at wholesale, acting for his employer. They were looking for a store location in Long Island City. Claimant left the customer, and was injured while driving to his home. Under these conditions the claimant is presumed to come within the provisions of the Workmen's Compensation Law. (Workmen's Comp. Law, § 21.) This presumption continues until substantial evidence to the contrary is received. (*Potts* v. *Pardee,* 220 N. Y. 431.) No evidence in contravention of the presumption is received. On the other hand, the evidence of the employer's president, the prospective customer, and claimant, strengthens the presumption. The slight discrepancy in the hearsay evidence in the hospital records weakens claimant's evidence in no substantial way The decision should be reversed and the matter remitted for an award. Decision reversed and matter remitted for an award, with costs to the claimant against the employer and the insurance carrier. Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ., concur.

In the Matter of the Claim of MADELINE L. SCHEIDELMAN, Respondent, against P. F. SCHEIDELMAN & SONS, INC. (Respondent), and STANDARD SURETY & CASUALTY COMPANY OF NEW YORK, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Deceased was employed by the employer as vice-president and salesman, and at the time of injury was inspecting a building which was being wrecked, with a view to the purchase of the used materials and again using them in the erection of a warehouse which the employer was about to construct. The employer was engaged in wholesale and retail sale of beer and ale. The policy covered salesmen, all business operations and operative management conducted at or from the employer's place of business. The evidence justifies the finding that the policy covered the accident. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.