Cohn, J.
(dissenting). I think that defendant by documentary evidence as a matter of law has established its complete defense that it “ shall not be liable in any event for any loss or damage occurring to the goods covered hereby insofar as the storer of said goods or holder of this receipt shall have insurance in effect at the time of said loss or damage insuring the storer or holder against such loss or damage.” The proof submitted shows that plaintiff had the merchandise insured against loss by fire with the Phoenix Assurance Co. Ltd.; that the policy was in full force at the time of the loss; that after the fire plaintiff wrote to his insurance broker acknowledging that there had been a settlement of his claim with the Phoenix Assurance Co. for $7,000 as reimbursement for the loss; that a copy of the proof of loss was duly filed by plaintiff with this insurance company; that the latter paid plaintiff’s claim by draft which on its face specified that it was “satisfaction in full all claim for loss and damage by fire on July 6, 1943 ” and that on the face of the policy there is indorsed in two places the words “ $7,000.00 loss pd.”
Though the insurer took back a loan receipt by which plaintiff pledged to the insurer any recovery he might obtain and agreed to bring suit under the direction of the insurer, there is not the slightest evidence that when the insurer paid the claim of plaintiff it made any charge that the loss was not covered by the policy. j
Moreover, I am unable to agree that the policy of fire insurance did not j embrace merchandise situated in a section other than section F of defendant’s warehouse. The policy provided for insurance “on wool in bales • • * *1042 contained in, on, under and about the buildings, additions, extensions and premises, situated Bldg. #10, Section F, Tomkins Tidewater Terminal Warehouse * * *. Occupied for storage * * The location of the property insured in a specified section was supplied merely for the purposes of description and identification and, as the Special Term so clearly points out, tiie location was not given as defining the risk assumed.
As it conclusively appears that plaintiff had insurance in effect at the time of the fire and that he has been fully compensated for the loss sustained while his merchandise was in defendant’s custody, plaintiff has no cause of action. The order granting defendant’s motion for summary judgment and the judgment entered thereon should, accordingly, be affirmed.
Peck, P. J., Callahan and Shientag, JJ., concur in Per Curiam opinion; Van Voorhis, J., concurs in result in Per Curiam opinion on the ground that there is a triable issue in conversion arising out of the breach of the contract of bailment referred to under (3) of the Per Curiam opinion (see, also, Buchanan v. Smith, 10 Hun 474; Fallkill Constr. Co. v. Hudson, 191 App. Div. 918; Glinsky v. Dunham & Reid, Inc., 230 App. Div. 470; Hynes v. Patterson, 95 N. Y. 1); Cohn, J., dissents and votes to affirm, in opinion.
Judgment and order reversed, with costs to the appellant, and the motion denied.