EDITH BLOODGOOD, Appellant, *v.* PAYNE WHITNEY, Respondent.

**Motor vehicles — negligence — collision between plaintiff's car and defendant's car being operated by his chauffeur coming from opposite direction while plaintiff was attempting to pass a truck — question whether chauffeur was, at the time, engaged in his employer's business one for a jury.**

This action is brought to recover for injuries sustained by plaintiff in a collision between an automobile in which she was riding and one belonging to defendant and being driven by his chauffeur. Defendant at the time of the accident in question was living on Long Island; his chauffeur was directed to take a passenger to a railroad station in New York city. Instead of returning after he had discharged his passenger, the chauffeur entered upon a series of excursions for his own ends with his companions. He drove with his companions to his employer's residence on Long Island which he exhibited to his friends and then returned to the city, went to his employer's city garage and spent the night, and in the morning started to return to defendant's home on Long Island which he had left the afternoon before. The accident happened on this return trip. A jury might say that the visit to defendant's country place for the purpose of showing it to his companions was a mere incident in the execution of his personal pursuits and that it did not operate to terminate the original abandonment of his employer's services, and further that the chauffeur's tortious conduct and abandonment of his duty to his employer were completed when he returned to New York with his companions, and that when he started from the city garage the next morning, he was serving his employer in returning the car to the place where it belonged as he should have done the day before, and that, therefore, he was acting within the scope of his employment when the accident happened.

*Bloodgood* v. *Whitney*, 200 App. Div. 56, modified.

(Argued January 18, 1923; decided February 27, 1923.)

APPEAL from a judgment, entered April 4, 1922, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

*William A. Hyman* and *James B. Henney* for appellant. The testimony of the defendant's chauffeur as to the circumstances surrounding the use of the car containing two diametrically opposed stories also contradicted by every legitimate inference from the evidence of witnesses called by the defendant and in its nature surprising, suspicious and opposed to the probabilities, the credibility of the chauffeur was necessarily for the jury and his testimony did not create any question of law to be decided by the court. (*Ferris* v. *Sterling*, 214 N. Y. 249; *Fallon* v. *Swackhamer*, 226 N. Y. 444; *Fiocco* v. *Carver*, 200 App. Div. 33.) The Appellate Division had no right to dismiss the complaint. (*Riley* v. *Standard Oil Co.*, 231 N. Y. 301; *Clawson* v. *Pierce-Arrow Co.*, 231 N. Y. 273; *Jones* v. *Weigand*, 134 App. Div. 644; *Fiocco* v. *Carver*, 200 App. Div. 33.)

*Murray G. Jenkins*, *William Dike Reed* and *E. Clyde Sherwood* for respondent. No fact appears in the record contradicting the unauthorized use of the defendant's automobile by Shea on the occasion of the accident, and the dismissal of the complaint by the Appellate Division was proper. (*Potts* v. *Pardee*, 220 N. Y. 431; *Rose* v. *Balfe*, 223 N. Y. 481; *Fallon* v. *Swackhamer*, 226 N. Y. 444; *Riley* v. *Standard Oil Co.*, 231 N. Y. 301; *Der Ohannessian* v. *Elliott*, 233 N. Y. 326.) The dismissal of the complaint could be sustained upon the simple undisputed fact that the chauffeur was sent on Sunday afternoon upon an errand which could and should have been completed in about two hours. The accident did not occur until the following day, the chauffeur in the meanwhile having abandoned his employer's service and devoted the intervening time to purposes entirely personal to himself. (*Schultz* v. *Champion W. & Mfg. Co.*, 230 N. Y. 309; *Coyne* v. *Kennedy*, 229 N. Y. 550; *Hartnett* v. *Gryzwish*, 218 Mass. 258; *Fiocco* v. *Carver*, 234 N. Y. 219.)

HISCOCK, Ch. J.   This action is brought to recover for injuries sustained by plaintiff in a collision between an automobile in which she was riding and one belonging to defendant and being driven by his chauffeur.   While the contention that the accident was the result of negligence on the part of plaintiff's husband and driver instead of on the part of defendant's chauffeur was so forcibly supported on the trial that the Appellate Division has disapproved of the findings of the jury in favor of plaintiff on that issue, no argument is made upon this appeal that evidence was not produced making the issue one of fact.   The only question which we are called on to consider is the one, now becoming very familiar, whether at the time of the accident defendant's car was being operated for his benefit and purposes or as matter of law was being used by the chauffeur for his personal adventures and in abandonment of his obligations to his employer so that the complaint should be dismissed. The facts by which this question is to be tested and solved are in our opinion conclusively established as follows:

The defendant at the time of the accident was living at his country place on Long Island.   In the afternoon of a certain day the chauffeur was directed to take a passenger to the Pennsylvania railroad station in New York city, the plain implication of the order being that after completing this errand he should return to defendant's garage whence he had started.   Instead of doing this, however, after he had discharged his passenger he entered upon a series of excursions with the car for his own ends and pleasure.   He first took a friend to some place in the upper part of New York where he had no business.   He then gathered together three or four companions and started out on a pleasure ride which took them to one or more restaurants, to defendant's country place which was exhibited by the chauffeur to his friends, and finally back to New York whence they had started.   The

chauffeur then retired to defendant's city garage, not then being used, where he spent the night and from which early on the following morning he started to return to defendant's country residence which he had left the previous afternoon and where he belonged. It was in the course of this return trip that the accident happened.

The Appellate Division have taken the view that when the chauffeur, in the course of his program of personal entertainment on the prior afternoon, reached defendant's country residence he accomplished a return of the car to his employer and its owner and that when proceeding farther he returned with it to New York city he was guilty of tortious conduct and then commenced an abandonment of his employer's services which was still continuing at the time he attempted to return on the following morning and when the accident happened. This interpretation of his conduct doubtless would lead to the decision exonerating the defendant which has been made. We think, however, that it is quite permissible to view the movements of this erring chauffeur as falling into a differently ordered sequence than the one thus outlined.

We think that at least a jury might say that when the chauffeur started from New York with his companions on the preceding afternoon it was in pursuance of a plan which was not completed until the return with them to the starting point; that the visit to defendant's country place for the purpose of showing it to his companions was a mere incident in the execution of this plan just as a visit to any other object of interest would have been and that it did not operate to terminate the original abandonment of his employer's services so that a new abandonment was commenced when the party started back to New York and which was not ended until the car was returned the following morning.

If this view should be adopted then a jury would further

be permitted to say that the chauffeur's tortious conduct and abandonment of his duty to his employer were completed when he returned to New York with his companions, and that when he started from the city garage the next morning a sense of duty had once more resumed its place and that obediently to it though tardily he was serving his employer in returning the car to the place where it belonged as he should have done the day before. While of course we do not consider the feature of entirety of purpose in passing upon the derelictions of a faithless chauffeur, as we would in some other connection, it is nevertheless necessary in determining when his abandonment of duty commenced and ended to consider the entire scope of his divergence from duty. When we do this it does seem, at least a jury might say, that it would be artificial under the circumstances to regard his incidental stop at his employer's place as constituting a termination of his original escapade and the commencement of a new one. And in this case it is the point of commencement of the abandonment which almost necessarily determines its completion.

These views lead to the conclusion that the Appellate Division was in error in holding as matter of law that the plaintiff could not recover and dismissing the complaint. Instead of doing this it should have granted a new trial based upon its reversal on the facts and thus have permitted a jury to pass upon the questions which we have outlined.

The judgment, therefore, should be modified by granting a new trial and as so modified affirmed, with costs to appellant.

HOGAN, CARDOZO, POUND, CRANE and ANDREWS, JJ., concur; McLAUGHLIN, J., dissents.

Judgment accordingly.