FANNIE BRENNER, Respondent, *v.* WILLIAM WALSH, Appellant.

First Department, November 2, 1923.

Motor vehicles — action to recover for injuries suffered by plaintiff who was run over by defendant's automobile — automobile was being operated by defendant's brother — brother took car without authority and was not engaged in defendant's business — defendant not liable.

The owner of an automobile is not liable for damages for personal injuries suffered by a person who was run over by the automobile where it appears that at the time of the accident the automobile was being operated by the owner's brother; that the brother, who had at different times operated the car with the consent of the owner, took the car from a garage without the owner's consent and was using it at the time of the accident for his own purposes and not upon any business or for any purpose of the owner; and the fact that the brother may have been on his way to the garage in which the owner regularly kept his car is immaterial.

APPEAL by the defendant, William Walsh, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Bronx on the 6th day of June, 1922, upon the verdict of a jury for $750.

*E. C. Sherwood* [*H. H. Brown* of counsel], for the appellant.

*Thomas J. O'Neill* [*Benjamin W. Moore* of counsel; *L. F. Fish* with him on the brief], for the respondent.

FINCH, J.:

This is an action to recover damages for personal injuries sustained by plaintiff, who was run over by an automobile owned by the defendant.

Upon the trial it appeared that the automobile was being operated at the time of the accident by a brother of the defendant named Edward. The defendant had asked Edward to go to the garage and wash the car. While there Edward took the car to his sister's home without the permission of the defendant. At the sister's home Edward found his mother, and she telephoned to the defendant to allow his brother to drive her to her home in The Bronx. Upon arriving there, defendant's brother communicated with the defendant and was instructed to place the car in a certain garage in The Bronx until the defendant called for it. The car was placed in the garage, but later the same evening defendant's brother took the car for the purpose of driving a friend home. Thereafter the brother picked up another friend, and the accident happened while the car was going south on St. Ann's avenue at One Hundred and Sixty-first street. The garage is situated at One Hundred and Fifty-sixth street, two blocks east of Third avenue. The respondent urges that the car was not on the way to the garage

**470** Wilbur-Dolson Silk Co., Inc., *v.* Wallach Co., Inc.

First Department, November, 1923. [Vol. 206

in The Bronx, but was on its way back to the garage in Brooklyn. Whether the car was bound for the garage in The Bronx or in Brooklyn becomes immaterial, since the facts show that the taking out of the car from the garage in The Bronx was wrongful; and this distinguishes the case at bar from those cases where the original taking out is rightful and there is a deviation from the line of duty, and then the question arises as to whether the duty is again resumed. In the case at bar, therefore, it is clear that the taking out of the car after it had been placed in The Bronx garage shows wholly an unlawful excursion, no part of which in any way can be said to be on the business of the defendant. (*Der Ohannessian* v. *Elliott*, 233 N. Y. 326.)

In the case at bar the defendant also is not liable on the ground that it does not appear from the evidence that the brother of the defendant was at any time engaged in the business or purpose of the defendant so as to constitute the brother the servant of the defendant while driving the car. On the contrary, he was engaged upon his own particular desires or those of his mother. (*Fallon* v. *Swackhamer*, 226 N. Y. 444; *De Smet* v. *Niles*, 175 App. Div. 822.)

It follows that the judgment appealed from should be reversed, with costs, and the complaint dismissed, with costs.

Clarke, P. J., Smith, McAvoy and Martin, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs.