EVA GRAVES, Respondent, v. UTICA CANDY COMPANY, Appellant.

Fourth Department, May 7, 1924.

Motor vehicles — action for personal injuries suffered by plaintiff when defendant's automobile ran into automobile in which plaintiff was riding — defendant's automobile was being driven by its salesman — salesman, instead of returning automobile to garage at end of trip, proceeded on his own errand about twenty-six miles — accident occurred while he was returning — salesman abandoned employment when he started on his own trip and did not re-enter employment when he started home after completing his personal errand — verdict in favor of plaintiff against weight of evidence.

In an action to recover for personal injuries suffered by the plaintiff when an automobile in which she was riding was run into by an automobile of the defendant which was being driven by one of its salesmen, it appeared that the salesman, after making a trip of several days, returned to the place of business of the defendant, but instead of taking the automobile to the defendant's garage as he should have done, he continued past the garage for a distance of twenty-six miles to perform an errand of his own and after completing that errand started back to the defendant's garage, and on the return trip ran into the automobile in which the plaintiff was riding.

Held, that the salesman abandoned the defendant's employment when he failed to drive the automobile into the garage on his return from his trip, and he was not within the defendant's employment from the moment he passed beyond the garage to attend to his own personal affairs at a point twenty-six miles distant, nor did he re-enter the defendant's employment after he had completed his personal errand and began his return trip to the garage, during which trip the accident happened.

It was a question of fact for the jury to determine whether the evidence of the salesman who testified that at the time of the accident he was on his own personal business and was not engaged in work for the defendant was to be believed, since he was an interested witness and the jury had the right to take that into consideration with the other facts and circumstances in regard to the details of the trip, and as the record stands, the verdict is against the weight of the evidence and the judgment should be reversed and a new trial granted.

13

APPEAL by the defendant, Utica Candy Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Oneida on the 27th day of October, 1923, upon the verdict of a jury for $1,250, and also from an order entered in said clerk's office on the 9th day of November, 1923, denying the defendant's motion for a new trial made upon the minutes.

*Bailey, Oot & Ryan* [*Lewis C. Ryan* of counsel], for the appellant.

*Foley, Foley & Dunmore* [*Arthur J. Foley* of counsel], for the respondent.

CLARK, J.:

This is an action for damages for personal injuries sustained by plaintiff when an automobile owned by defendant and operated by its chauffeur ran into a standing car in which plaintiff was a passenger, causing the injuries complained of, and for which she has recovered damages.

In her complaint the plaintiff alleged that on the 15th day of September, 1922, defendant was the owner of a Ford automobile, and that on that day said machine collided with an automobile in which she was traveling, and that at the time defendant's automobile was being driven by one Williams, its employee, while engaged in the conduct of defendant's business.

By its answer defendant admitted that on the day of the accident it was the owner of a Ford automobile, but it denied that at the time of the accident it was being operated for and on its behalf, or by any person in its employ as its agent or servant.

Defendant is a wholesale dealer in candy, and its place of business is on Genesee street in the city of Utica. At the time of the accident it owned a Ford automobile which was used by its salesman, Arthur H. Williams, to make regular weekly trips to towns and villages in the vicinity of Utica for the purpose of selling its product.

At the time of the accident plaintiff was a passenger in an automobile which had stopped on the side of the highway north of Utica, owing to the fact that at that point the highway was open for one-way traffic only, and plaintiff's car had been stopped to permit north-bound cars to pass. While the car in which plaintiff was a passenger was standing waiting for the north-bound automobile to pass, her car was run into by defendant's automobile driven by its salesman Williams. The accident occurred about ten o'clock in the evening, and as the result of the collision plaintiff sustained quite serious injuries.

Defendant's employee Williams testified as follows: That he

left Utica the previous Monday morning to make a regular trip according to a typewritten schedule which had been furnished him; that his last business call for defendant was at Cedarville, N. Y., after which he drove directly to Utica, arriving there about six-thirty P. M.  He drove past defendant's place of business and garage in which he had been instructed to leave the automobile at the conclusion of his trip, and drove northerly about twenty-six miles to North Wood Heights, near Hinckley, to look at some camp sites in which he was interested.  He testified that he did this without the knowledge, consent or permission of defendant, and wholly for his own purposes; that his work for defendant was finished when he reached its place of business at six-thirty P. M., and from that time his trip to North Wood Heights was wholly on his own account, and that on his trip he transacted no business for defendant and had no intention of doing so, and defendant derived no benefit from said trip, and that he had no authority to use the automobile for any purposes except for the business of defendant; that he made no stops between Utica and North Wood Heights after he had passed defendant's store, and on his return he only made one stop before the accident, and that was at Barneveld to get a lunch.

No question is raised as to the extent of plaintiff's injuries, defendant's sole claim being that said injuries were not sustained while defendant's employee Williams was acting within the scope of his employment, or in furtherance of defendant's business, but that it occurred after he had abandoned the performance of his duty to his master.

Assuming Williams' testimony to be true, this is not a case where the chauffeur had deviated slightly from his regular route on his way to the garage.  We recently held in the case of *Bryan* v. *Bunis* (208 App. Div. 389) that when the driver of an employer's auto-mobile truck on returning to the garage after completing his immediate errand had gone a short distance out of  the regular route for the purpose of getting his dinner, it was not such an abandonment of his employment as to relieve his employer from responsibility for an accident resulting from the chauffeur's negligence while he was thus returning to the garage by way of his home where he had stopped for dinner.

If Williams' testimony is true, the course adopted by him in this case was not any slight deviation from his regular route, but was an entirely independent trip, undertaken for his own purposes after his regular trip had been completed.  His duty required him to return to defendant's place of business with his automobile after he had completed his weekly trip.  If the trip was completed,

the last business call had been made, and he returned to a point right in front of defendant's place of business, but instead of turning into defendant's premises and leaving the car in its garage, he drove on a distance going and returning of over fifty miles, on a trip as he testified for his own private purposes, and of which his employer had no knowledge. It was when he was returning from that private excursion that the accident happened, assuming his evidence to be true, and I cannot see how anything that the chauffeur did in the matter of driving the automobile after he had reached a point in front of defendant's place of business at six-thirty P. M. on the night of the accident could possibly be construed as being in his master's service.

In the case of *Reilly* v. *Connable* (214 N. Y. 586) the Court of Appeals held that when a chauffeur took the car of his employer for the purpose of getting some meat for his family, it was not in the master's service, even if he did it with the consent of the owner of the car. It would still be an errand for the benefit of the chauffeur and not for the benefit of the master.

It is urged on behalf of plaintiff that even though the driver's trip from Utica to North Wood Heights was his personal errand, and outside the scope of his employment, on his return trip from North Wood Heights to Utica he had abandoned his personal excursion and had resumed service for his employer. That is a fanciful theory which is not justified by the facts, and the case of *Bloodgood* v. *Whitney* (235 N. Y. 110), relied on by plaintiff, is distinguishable from the case at bar on the facts.

In that case the accident occurred while the chauffeur was returning to his employer's garage from New York, where he had been specifically authorized to take the car to do an errand for his employer, and it did not occur during the abandonment of his duty to his employer.

In the instant case when defendant's driver returned to Utica from his regular trip, and went down the street on which defendant's place of business was located, and got to the point where he should have driven into defendant's garage, and he failed to do so, as testified to by him, from that moment he abandoned his employer's service, and his trip twenty-six miles north of Utica, and his return trip, occurring after he had abandoned his duty to his employer (the accident having occurred during the continuance of that abandonment) defendant would not be liable.

In the case of *Bloodgood* v. *Whitney* (*supra*) the Court of Appeals said: " It is the point of commencement of the abandonment which almost necessarily determines its completion."

Williams' abandonment of defendant's employment occurred, if

at all, when he failed to drive into its garage when he returned to Utica from his weekly trip, and his own private excursion commenced at that point, and was never completed until after the accident. His private errand could not be deemed abandoned until he had arrived at a point where he abandoned his master's service, and that was at defendant's place of business in the city of Utica. According to the evidence, everything that he did, either going to North Wood Heights, or on his return journey, was outside of his employment; it had no relation to his business for defendant; it was a personal trip which defendant had not authorized and of which it had no knowledge, and it could not, therefore, be held responsible for the negligence of the driver of its automobile while performing a service wholly disconnected with any duty he owed to the defendant. (*Perlmutter* v. *Byrne,* 193 App. Div. 769; *Matter of Schultz* v. *Champion Welding & Mfg. Co.,* 230 N. Y. 309; *Potts* v. *Pardee,* 220 id. 431; *Brenner* v. *Walsh,* 206 App. Div. 469; *Fiocco* v. *Carver,* 234 N. Y. 219; *Walter* v. *Upson,* 206 App. Div. 652.)

In the latter case a gentleman and his wife were guests at the Clifton Springs Sanitarium. They had been out for a drive one afternoon and on their return to the sanitarium defendant, who owned the automobile, directed his driver to return it to the garage where it was usually kept. The driver returned to a point in front of the garage and there invited an acquaintance to drive with him, the expressed purpose being to drive out of the village a short distance to see if he could discover some little trouble with the mechanism of the car. That at least was the excuse given by the chauffeur for failing to obey his employer's instructions to return the automobile to the garage. They drove out of the village about a mile and on their return trip to the garage they ran into plaintiff's intestate, causing the injuries which resulted in her death. An action was brought against the owner of the automobile, and also against the chauffeur, who did not answer. On the trial, at the conclusion of the evidence, the complaint was dismissed as against the defendant Upson, because the accident occurred when the chauffeur was on a private errand, without the knowledge or authority of his employer. On appeal the judgment was affirmed by this court.

Defendant's ownership of this automobile would create a presumption that at the time of the accident it was being driven for the use and benefit of the owner, but that presumption can be overcome by substantial evidence to the contrary. (*Powers* v. *Wilson,* 203 App. Div. 232.)

Here the evidence is uncontradicted that whatever the driver

did with reference to that automobile after he had returned to a point in front of defendant's place of business in Utica the day of the accident, was an excursion exclusively for the convenience and purposes of the driver, and in no way connected with any business of defendant.

If the accident occurred while the driver was engaged in his own enterprise and before he had returned to a point where he had abandoned the service of his employer, the defendant could not be held liable. We think, therefore, that the plaintiff cannot recover on the theory that, even though Williams had abandoned his master's service in making the trip in question, he had by returning again entered on his master's business. We think, however, it was a question of fact for the jury to determine whether the evidence of Williams was to be believed, as he was an interested witness and the jury had the right to take that into consideration and all the other facts and circumstances in regard to the details of the trip, and as the record now stands the verdict is against the weight of the evidence.

The judgment and order should be reversed on the law and the facts, and a new trial granted, with costs to the appellant to abide the event.

All concur.

Judgment and order reversed on the law and facts and new trial granted, with costs to appellant to abide event.