Steve Cosmo, Minor, by John Cosmo, His Father and Next Friend, Appellee, v. George F. Seegers and Melville H. Seegers, Appellants.

Gen. No. 40,825.

Opinion filed November 20, 1940.

BURT A. CROWE, of Chicago, for appellants.

IRVING N. STENN and MARION J. HANNIGAN, both of Chicago, for appellee.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This is an appeal from a judgment entered in the circuit court for $1,850 as damages for injuries alleged to have been received by Steve Cosmo, a minor, the suit having been instituted by John Cosmo, his father and next of kin, against George F. Seegers and Melville H. Seegers, defendants herein.

The injuries alleged to have been sustained by plaintiff were the result of an accident which occurred on May 21, 1937, while plaintiff was playing in the back yard of the apartment building in which he lived and which was owned by the defendants. The cause was tried before a judge and jury and the jury returned a verdict in favor of plaintiff for $1,850. Defendants' motions for an instructed verdict at the close of plaintiff's case and again at the close of all the evidence were overruled and it is from these rulings and the subsequent ruling of the court in refusing to enter a judgment for defendants notwithstanding the verdict and also for a new trial, that this appeal is taken.

No question is raised as to the pleadings or as to the amount of the judgment.

In his pleadings plaintiff charges in substance and the evidence shows that on May 21, 1937, the defendants were possessed of and controlled certain buildings located at 3905 and 3909 Belmont avenue and 3196 and 3198 Milwaukee avenue; that plaintiff and his family were tenants of the defendants and resided in the residential quarters of the building on Belmont avenue; that there was a back yard behind the premises of the building on Belmont avenue, but that there was no back yard other than this to the Milwaukee avenue premises, and this yard was used in common by the various tenants of these buildings; that defendants had leased out to divers tenants various portions of the buildings reserving unto themselves for the common use of all the tenants, certain common areas, passageways and stairways; that on the day in question and for a long time prior thereto, the defend-

ants were possessed of and had control of a certain large radiator, which radiator was suffered and permitted to be and remain in this certain yard or areaway in the rear of said premises; that the yard or areaway as heretofore stated was used in common by the various tenants of the building.

Plaintiff's pleadings further charge that the minor plaintiff, Steve Cosmo, was rightfully and lawfully in and upon the said areaway as a tenant of the defendants and that at the time and place aforesaid the defendants negligently and improperly permitted the radiator to be and remain in a dangerous and unsafe position and condition, of which condition the defendants had notice or in the exercise of ordinary care should have had notice; that due to the negligence of the defendants the radiator was caused to fall upon and against the plaintiff thereby injuring him.

The evidence for plaintiff shows that the areaway floor where the radiator was leaning against the wall was of concrete; that the radiators were leaning against the wall at approximately a 10 per cent angle; that the child, when found, was alone in the yard; that at the time of the injury said child was heard to cry out, one of the witnesses having stated that he heard the child cry and he ran out and found the child lying on the ground with the radiator lying on him.

The evidence for plaintiff further shows that the child was taken to the hospital where it was found that the bones of the child's knee had been broken; that the child was attended by a doctor over a period of several months and that he now has a restricted motion of the leg which the evidence shows is likely to be permanent.

At the conclusion of all the plaintiff's evidence the defendants made a motion to instruct the jury for the defendants and upon denial thereof offered no further evidence on behalf of the defendants. In considering a motion to instruct the jury for the defense at the conclusion of plaintiff's evidence, the rule is that the

evidence most favorable to the plaintiff, together with all the legal inferences to be drawn therefrom, must be taken as true. In addition to the admission by this motion that the areaway and the radiator caused a situation of danger, it must also be borne in mind that a child of the age of three years is not capable of being guilty of contributory negligence. *Chicago City Ry. Co. v. Tuohy,* 196 Ill. 410. In considering the motion made and the evidence presented it clearly appears that the landlord and owner of the premises was advised of the dangerous condition which existed prior to the accident and that the landlord had promised to "take care of it." This evidence shows notice to the landlord of the dangerous condition which existed on his premises. As our Supreme Court said in the case of *Sunasack v. Morey,* 196 Ill. 569 (wherein that court quoted from the case of *Cowen v. Sunderland,* 145 Mass. 363, 364) at p. 571: " 'When there are concealed defects, attended with danger to an occupant, and which a careful examination would not discover, known to the lessor, the latter is bound to reveal them, in order that the lessee may guard against them. While the failure to reveal such facts may not be actual fraud or misrepresentation, it is such negligence as may lay the foundation of an action against the lessor if injury occurs.' "

It is contended on behalf of defendants that there is no evidence showing how the accident occurred. The evidence shows that the child, when found, was alone in the yard and that the radiator was lying on him and that he had been badly injured. Inasmuch as a child of such tender years cannot be guilty of contributory negligence and the rule being that on a motion for an instruction at the close of plaintiff's evidence, the evidence of plaintiff must be considered as true and that all inferences relative thereto and most favorable to the plaintiff must be considered as true, then the question arises as to who is to draw these inferences. The

inferences are to be drawn by the jury, and as was said in the case of *Kavale v. Morton Salt Co.*, 242 Ill. App. 205, wherein the Supreme Court in quoting from *Moore v. Rosenmond*, 238 N. Y. 356, 359 (which case presented a question as to whether or not the chauffeur at the time of the accident was serving his master) at p. 213:

" 'This evidence was not sufficient in law to destroy the presumption of control, although it might have been in fact. The jury might have found that Dollar (the chauffeur) had started down to Forty-Ninth street on defendant's business, got drunk, got to Forty-Ninth street, but neglected the business, and started back to defendant's garage without having the windows fixed. Although Dollar was serving defendant badly, defendant was liable. *Bloodgood v. Whitney,* 235 N. Y. 110, 114. They might, on the other hand, if they drew from the testimony the inferences most favorable to defendant, have found that Dollar had abandoned his employer's business when he picked up Corbin at the Eighty-Fifth street garage, and that the time was then devoted to a personal spree, until a belated sense of duty inspired them to start back to the garage. It was, however, for the jury to draw the inferences.' "

So, in the instant case, the jury might have drawn different inferences than it did, but whatever those inferences were, it was their function to draw the same from the evidence admittedly true. It cannot be said there was no evidence as a matter of law to sustain the charges made in the complaint.

Defendants complain that the instructions given on behalf of plaintiff were not correct; that a directory verdict offered by the plaintiff did not limit the recovery to the negligence as charged in the declaration and cites in support of their position the case of *Herring v. Chicago & A. R. Co.*, 299 Ill. 214, 217. When considered alone, this instruction may be subject to the criticism leveled at it. The other instructions, how-

ever, given by plaintiff and defendants we think cure this objection. Defendants' instruction No. 7, reads in part as follows: " . . . if you further believe from the evidence that the plaintiff has not proved that the plaintiff was injured by the negligence of the defendants as charged in the complaint, then the plaintiff cannot recover." A portion of instruction No. 8, reads as follows: " . . . still the plaintiff cannot recover in this case unless you believe from all the evidence that the defendants were guilty of the negligence as charged in the complaint and that such negligence, if any, on the part of the defendants was the proximate cause of the plaintiff's injuries."

A somewhat similar instruction is given by defendants, being instruction No. 11, which instruction omits any reference to the allegations in the complaint. That instruction, in part, reads as follows:

"The Court instructs the jury that the fact that the Court has instructed you respecting the matter of measure of damages which may be allowed to the plaintiff in case you find he is entitled to recover under the evidence and these instructions, . . . " The defendants having given a similar instruction they cannot now complain of plaintiff's instruction.

Further complaint is made as to some of the rulings of the trial court in the admission of evidence and in not granting the motion to direct a verdict and the subsequent motion to grant a verdict *non obstante veredicto* and for a new trial. In considering these motions we do not think any error was committed nor do we feel the defendants suffered because of these rulings as said rulings were made in compliance with the law.

For the reasons herein given the judgment of the circuit court is hereby affirmed.

*Judgment affirmed.*

HEBEL, P. J., and BURKE, J., concur.