### SMITH v. LEHIGH VALLEY R. CO.
No. 185, Docket 21243.

United States Court of Appeals
Second Circuit.

May 10, 1949.

Desmond & Drury and Edward Desmond, all of Buffalo, N. Y., for plaintiff.

Kenefick, Cooke, Mitchell, Bass & Letchworth and Richard I. Fricke, all of Buffalo, N. Y. (William M. Fay, of Buffalo, N. Y., of counsel), for defendant.

Before AUGUSTUS N. HAND, CHASE and CLARK, Circuit Judges.

CHASE, Circuit Judge.

The appellant was employed by the appellee as a kitchen man at its work camp at Geneva, N. Y. This camp consisted of ten cars in line; some used for sleeping purposes, a bath car, two which had been used as diners, though one of these dining cars was simply standing unused when the appellant's alleged cause of action arose, and one kitchen car.

He sued the appellee under the provisions of the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., to recover damages for personal injuries received in the following way. One night after supper had been served he carried some mail to the sleeping cars. As he was on a platform built between a sleeping car and the unused dining car, which was the last car he would go through in going back to the dining car in use, the cook pushed a laborer employed by the railroad out of the unused dining car and onto the platform where the appellant was. The cook was in charge of the dining car and was the superior of the appellant. The identity of the laborer was not disclosed in this record.

The laborer was resisting the cook who suddenly shoved the appellant off the platform, and engaged in a fist fight with the laborer. The appellant was injured when he fell to the ground after being pushed by the cook.

The court denied the appellee's motion for the direction of a verdict at the close of the evidence based on the ground that the cook was not shown to have been engaged in the course of his employment when he caused the injury to the appellant. He submitted the case to the jury which returned a general verdict for the appellant and a special verdict in which it found that the cook was acting within the scope of his employment by the railroad when he pushed the appellant to the ground.

The appellee then moved for judgment notwithstanding the verdict. The motion was granted and this appeal is from the judgment then entered for the appellee.

In granting the motion, the judge assumed both that the cook had supervision over the unused dining car as well as over the used one and that he negligently caused the appellant to fall. Why he granted the motion is explained by the following excerpt from his decision. "There was no direct proof that the cook, in ejecting the laborer from the car, was exercising supervision over the car. But the plaintiff urges that the cook had control of the diner and had the right to eject or refuse admission to any of the laborers who violated any of his regulations. His argument is that the cook and the laborer were fighting and the cook was ejecting the laborer in the exercise of his supervisory duties for violation of some regula-

tion. He does not suggest any proof regarding violation of any regulation for there was none. So that is an inference, but unwarranted because it rests on no proof. The only witness to the occurrence was the plaintiff himself. He said he had no idea what the cook and the laborer were fighting about. It is sheer speculation to infer that the cook was ejecting the laborer from the diner for violation of some regulation. The plaintiff had the burden of showing that the cook's negligence occurred in the course of his employment."

That the plaintiff had this burden of proof is clear enough. Davis v. Green, 260 U.S. 349, 43 S.Ct. 123, 67 L. Ed. 299; Atlantic Coast Line Railroad Company v. Southwell, 275 U.S. 64, 48 S.Ct. 25, 72 L.Ed. 157; Sheaf v. Minneapolis, St. P. & S. S. M. R. Co., 8 Cir., 162 F.2d 110. That he failed to carry that burden is equally plain to the majority of the court. Brady v. Southern R. Co., 320 U. S. 476, 64 S.Ct. 232, 88 L.Ed. 239; Pennsylvania R. Co. v. Chamberlain, 288 U.S. 333, 53 S.Ct. 391, 77 L.Ed. 819; Texas Co. v. Hood, 5 Cir., 161 F.2d 618; Wolfe v. Henwood, 8 Cir., 162 F.2d 998. Judge Clark disagrees and thinks a jury issue was presented.

However, we apparently lack jurisdiction to decide this case on the merits since the appeal appears not to have been taken within the time limited by Rule 73, Federal Rules Civil Procedure 28 U. S.C.A. Final judgment was entered on March 16, 1948; the notice of appeal was not filed until May 14, 1948. There was no extension of the orginal thirty day period within which an appeal could be taken; and no reason for the application of the saving clause of Rule 86(b) F. R. C. P., appears. Counsel for the appellant had ample time after the amended rule became effective on March 19, 1948—nearly the entire thirty days—in which to file notice of appeal and admitted on the argument that the delay was not due to any lack of knowledge of the rule but to indecision as to whether an appeal would be taken.

Appeal dismissed.