Petition of SCHUETTE.

No. 96, Docket 21467.

United States Court of Appeals Second Circuit.

Argued Dec. 14, 1949.

Decided Dec. 29, 1949.

J. Vincent Keogh, United States Attorney, Brooklyn, N. Y., Frank J. Parker, Chief Assistant United States Attorney, and Edward S. Szukelewicz, Assistant United States Attorney, Brooklyn, N. Y., of counsel, for appellant United States of America.

Before AUGUSTUS N. HAND, CHASE and CLARK, Circuit Judges.

## PER CURIAM.

The order of the court below admitting the appellee to citizenship was entered on February 19, 1948. The amendment to Rule 73(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., changing the time within which an appeal to the United States Court of Appeals may be taken from three months to sixty days in cases where the United States is a party became effective on March 19, 1948. The government took no appeal until May 10, 1948, or about eighty-one days after the entry of the original order. It seeks to be excepted from the shortened time provided by the amendment for taking its appeal because of Rule 86(b) of the Federal Rules of Civil Procedure which limits it to the time prescribed by the amendment except to the extent that in the opinion of the court the application of the shortened time to a "particular action pending when the amendments take effect would not be feasible or would work injustice". It is not claimed that the government was not aware of the new rule, but only that its activities were too numerous or its departments too busy to make a final decision whether to take the appeal prior to the time when it was finally taken. After the new rule became effective the government still had thirty days in which to make its decision and, as it knew the law and the facts, it was not in our opinion entitled to exemption from application of the new rule. It in fact waited for eighty-one days after the entry of the judgment, and about fifty-two days after the amend-ment to Rule 73(a) became effective, before acting. We can see no excuse for such a delay, and regard the situation as substantially different from that which we dealt with in McAllister v. Cosmopolitan Shipping Co., 2 Cir., 169 F.2d 4, where the application of the new rule would have given the appellant only about a week within which to take his appeal. The situation here resembles that in the case of Smith v. Lehigh Valley R. Co., 2 Cir., 174 F.2d 592, in which we declined to extend the appellant's time under Rule 86(b).

The appeal is accordingly dismissed.