**McCONVILLE v. UNITED STATES.**

No. 251, Docket 22337.

United States Court of Appeals
Second Circuit.

Argued May 6, 1952.

Decided July 2, 1952.

Lester S. Jayson, Atty., Dept. of Justice, New York City (Holmes Baldridge, Asst. Atty. Gen., Massillon M. Heuser, Atty., Dept. of Justice, Washington, D.C., and Frank J. Parker, U. S. Atty., Brooklyn, and Eli Resnikoff, Asst. U. S. Atty., on the brief), for defendant-appellant.

Copal Mintz, New York City (Grabow & Katz and George Grabow, all of New York City, on the brief), for plaintiff-appellee.

Before SWAN, Chief Judge, and CHASE and CLARK, Circuit Judges.

CLARK, Circuit Judge.

This action was instituted against the United States by plaintiff as administratrix of her husband's estate and on her own part to recover damages for his wrongful death, her injuries, and the destruction of their automobile. The claim arose out of a collision with a United States Air Force ¾-ton truck. The case comes to us as an appeal from a judgment for plaintiff in the amount of $60,800, plus costs, entered in the district court.

We must first dispose of the plaintiff's contention that the Government's appeal is too late. This is based on the fact that the latter's notice of appeal was filed more than sixty days after the initial judgment of August 13, 1951, based on a memorandum and findings of that date. It was, however, well within the time if computable from the court's order denying the timely motion to amend and add to the findings in several substantial particulars and to retax costs and amend the judgment accordingly. Even under the older law, such a substantial motion would, it seems, have suspended the running of the time for appeal. Leishman v. Associated Wholesale Electric Co., 318 U.S. 203, 63 S.Ct. 543, 87 L.Ed. 714. At any rate the question is no longer doubtful; for the amendment to Fed.Rules Civ. Proc. rule 73(a), 28 U.S.C.A., effective March 19, 1948, while materially shortening the time for appeal, specifically excepted the time for consideration of a motion, *inter alia*, to amend or make additional findings of fact under Fed.Rule 52(b). See Advisory Committee's Note to this Amend-

ment. Plaintiff tries to find some support from the fact that the new time limits soon found their way into the revision of Title 28 United States Code without provision for tolling during the pendency of motions. 28 U.S.C.A. § 2107. But there are two answers to this. First, since the new statute was so obviously "in conformity with * * * proposed amendment to Rule 73 of the Federal Rules of Civil Procedure," as the Reviser's Note states, it should receive a like construction. Second, the rule was re-enacted (with some changes not here pertinent) on December 29, 1948, effective October 20, 1949, and, in accordance with the terms of the governing statute, 28 U.S.C.A. § 2072, supersedes all inconsistent statutory enactments. There is no question as to the validity of the rule, which has been repeatedly upheld. Mitchell v. White Consolidated, Inc., 336 U.S. 958, 69 S.Ct. 889, 93 L.Ed. 1111; Healy v. Pennsylvania R. Co., 3 Cir., 181 F.2d 934, certiorari denied 340 U.S. 935, 71 S.Ct. 490, 95 L.Ed. 674; Reconstruction Finance Corp. v. Mouat, 9 Cir., 184 F.2d 44, 48; Petition of Schuette, 2 Cir., 178 F.2d 920.[1]

The Government contests liability on the merits most vigorously on the issue that the driver of its truck was not acting in the scope of his employment at the time of the accident. Before turning to that important issue we may dispose of its further contention that the finding that plaintiff's husband was not contributorily negligent should be reversed. The accident occurred at the intersection of Sunrise Highway and Bayview Avenue, Freeport, Long Island, at 2:00 a. m., October 12, 1948. Plaintiff had accompanied her husband to a party in Freeport that night. Shortly before 2:00, according to her testimony, they left the party, intending to proceed a short distance to a diner, where they were to meet several of their friends. McConville drove their 1940 Dodge sedan. Plaintiff testified that

---

1. Additional cases are cited in Lopinsky v. Hertz Drive-Ur-Self-Systems, 2 Cir., 194 F.2d 422, 428, notes 14, 15; Bendix Aviation Corp. v. Glass, 3 Cir., 195 F.2d 267, 271, note 13. The amendment, 28 U.S.C.A. § 2107, of May 24, 1949 (before the effective date of the last amendment to the rule), had no connection with this issue. Among late cases construing the rule as in the text may be cited Partridge v. Presley, 88 U.S.App.D.C. 298, 189 F.2d 645, certiorari denied 342 U.S. 850, 72 S.Ct. 79; Principale v. Associated Gas & Electric Co., 2 Cir., 192 F.2d 1016.

his driving was both careful and normal. They approached the intersection from the south, by way of Bayview Avenue, at about 20 or 25 miles per hour, intending to turn left. The traffic light facing Bayview is continually red, and, facing sunrise to the east and west, green, until an approaching car on Bayview passes over a "tripper" some 90 feet from the corner. Instantly the Sunrise lights turn amber, and four seconds later red, and the Bayview lights green. Plaintiff testified that her husband, after passing over the tripper, approached the intersection slowly and began to cross only after the light facing them had changed to green. Moving into the intersection, their car was struck on the left side by the army vehicle.

The only evidence derogating the finding of no contributory negligence was the report of the state toxicologist's autopsy, which disclosed that decedent's brain contained 0.274% alcohol. If we assume, *arguendo,* that such a degree of intoxication constitutes negligence under N.Y. Vehicle and Traffic Law, Consol.Laws, c. 71, § 70, subd. 5, and even that it establishes a *prima facie* case of causation, under Martin v. Herzog, 228 N.Y. 164, 126 N.E. 814, the presumption nonetheless remains rebuttable. The evidence established a plausible and consistent interpretation of the accident as due to another's fault. Plaintiff's intoxication was irrelevant to this theory. Fed.Rule 52(a) will permit an appellate court to overturn such findings only where "clearly erroneous." These were not.

Turning, now, to the question of the Government's ultimate liability, the following facts were clear: Anderson, the driver of the army truck which collided with the McConville car, was a Sergeant stationed at Mitchel Field, Hempstead, Long Island. On the evening of the accident he had been drinking beer at the WAC Recreation Hall. Shortly after returning to his duties in charge of the quartermaster warehouse, according to his testimony, a lieutenant requested a bed and mattress. There were none immediately available. Hence it was necessary for him to obtain transportation to Santini Warehouse, about two miles away and off the Field property, where cer-

tain army equipment was stored. The motor pool issued him a truck for this purpose. He then picked up four other soldiers and was cleared by the sentry at the West Gate at about 12:30 a. m. After leaving the Field he drove the truck for a short distance southeast, in the direction of the Santini Warehouse. He then turned southwest, however, to a bar where he and his companions had some beer. Thereafter, he drove some seven miles away from the Field and the Santini Warehouse, to another bar. His passengers remained there. Anderson proceeded back toward the warehouse alone. The accident occurred at 2:00 a. m. when he had completed about two miles of the return trip.

The liability of the Federal Government in tort is limited to those damages sustained "by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C.A. § 1346(b). In the case at bar, it is undisputed that Anderson's trip was authorized and for a claimed purpose, which was within army regulations, whether or not the claim was fraudulently made. This sufficiently distinguishes it from such cases as United States v. Eleazer, 4 Cir., 177 F.2d 914, certiorari denied Eleazer v. United States, 339 U.S. 903, 70 S.Ct. 517, 94 L.Ed. 1333, and Rutherford v. United States, D.C.E.D. Tenn., 73 F.Supp. 867, affirmed 6 Cir., 168 F.2d 70, where the tort-feasors were driving their own cars, as well as from King v. United States, 5 Cir., 178 F.2d 320, certiorari denied 339 U.S. 964, 70 S.Ct. 998, 94 L.Ed. 1373, and Parrish v. United States, D.C.M.D.Ga., 95 F.Supp. 80, which involved the use of Government property—a plane and a truck, respectively—contrary to regulations. Anderson, clearly, was engaged in permissible activity for the army when he was passed by the sentry at the Field gate.

Nor do we think that the seven-mile junket from his proposed and authorized route so inextricably took him out

of the scope of his employment as to dissolve the Government's duty to respond for this particular tort occurring on the return journey. It is axiomatic, of course, that the agent's abandonment of the principal's business absolves him of liability for subsequent torts. And in those situations where an employee at the time of the accident was using a conveyance belonging to his employer for his own purposes, the scope of the latter's responsibility is tested by the geographic and temporal boundaries of the former's prescribed duties. Hence where the agent, completing his employer's business, goes off on his own, no liability attaches to the outward journey. Reilly v. Connable, 214 N.Y. 586, 108 N.E. 853, L.R.A.1916A, 954; Clawson v. Pierce-Arrow Motor Car Co., 231 N.Y. 273, 131 N.E. 914; Der Ohannessian v. Elliott, 233 N.Y. 326, 135 N.E. 518; Graves v. Utica Candy Co., 209 App.Div. 193, 204 N.Y.S. 682. But when that business is completed, and the agent starts back, "at some point in the route" he again enters the principal's business. Riley v. Standard Oil Co., 231 N.Y. 301, 132 N.E. 97, 98, 22 A.L.R. 1382. This "point" is not passed the moment the agent starts his return trip, Fiocco v. Carver, 234 N.Y. 219, 137 N.E. 309; but neither is it at the place of re-entry on the route authorized by the principal. Bloodgood v. Whitney, 235 N.Y. 110, 139 N.E. 209; Schultze v. McGuire, 241 N.Y. 460, 150 N.E. 516. The Restatement, Agency § 237, 1933, has adopted a similar view, though the distinction between "a detour for his own purposes," § 237, Comment a, and an "independent journey," § 234, Comment a, is not overly clear as an abstract proposition. We cannot say that as a matter of law the district court erred in holding that when Anderson had completed two of the seven miles back toward the warehouse for which

he set out he was reasonably proximate to the scope of his employment.[2]

No error was committed in excluding the proffered testimony of two of Anderson's companions that he had proposed to secure the army truck for the purpose of their drinking beer off the base. The evidence could have had only two functions: to show that the claimed justification was false and to throw doubt upon Anderson's credibility. The first could have no bearing on the scope of Anderson's employment under the Tort Claims Act. As we have indicated, proper authorization for a trip whose claimed purpose was permitted by regulations was all that needed to be established. And the degree of credibility due Anderson was already pretty well shown by the admitted record of the court-martial proceedings, the testimony in which apparently duplicated that proffered here. Refusal of the testimony, therefore, could have been of no prejudice to the Government in this case tried by the court without a jury.

Finally, it appears that judgment was entered to include recovery of principal sum of damages and the twenty per cent attorney's fees permitted under 28 U.S. C.A. § 2678. In addition, costs were taxed in the amount of $137.35, which included $20 as a "statutory docket fee." The Government objects that this $20 item falls within the category of attorney's fees and hence that the final judgment for this item exceeded the statutory maximum. We agree. The docket fee is an attorney's fee as defined by 28 U.S.C.A. § 1923(a) and is to be excluded from the taxation of allowable costs under § 2412.

The judgment should be modified by striking from it the "statutory docket fee" of $20. As so modified it is affirmed.

2. Hence we need not consider the district court's holding that New York's Permissive Use Statute, N. Y. Vehicle and Traffic Law, Consol.Laws, c. 71, § 59, was applicable. See Hubsch v. United States, 5 Cir., 174 F.2d 7, certiorari dismissed 340 U.S. 804, 71 S.Ct. 35, 95 L. Ed. 590; Long v. United States, D.C. S.D.Cal., 78 F.Supp. 35.