Rachel R. CAPOFERRI and E. L. Capoferri,
Plaintiffs-Appellants,

v.

Francis J. UPHAM, Defendant-Respondent.

No. 8928.

Springfield Court of Appeals,
Missouri.

July 9, 1970.

Orville C. Winchell, Lebanon, for plaintiffs-appellants.

Donald E. Bonacker, Springfield, for defendant-respondent.

PER CURIAM.

Appellants filed their notice of appeal on April 19, 1969. The time for filing the transcript on appeal was first extended by the trial court (Rule 82.19),[1] then by this court (Rules 44.01(b) and 83.26), and the transcript was finally filed on March 23, 1970. On the day the transcript was filed the clerk of this court wrote appellants' counsel of that fact, directed his attention to Rule 83.06(a), as amended effective September 1, 1969, and in the letter recited the rule in haec verba. In part, Rule 83.-06(a) requires that an appellant "shall" file his brief with the appellate court "within forty-five days after the date on which the transcript on appeal is filed." Had appellants complied with the rule, their brief would have been filed on or before May 7, 1970. This was not done and respondent has moved us (Rule 83.11) to dismiss the appeal for that reason. Rules 83.09 and 83.26.

Rule 83.06(a) is cast in mandatory language. The word "shall," as employed

1. References to rules are to Missouri Supreme Court Rules of Civil Procedure, V.A.M.R.

in the rule, is an expression of compulsion and obligation (Webster's New World Dictionary of The American Language, 1968 College Ed., p. 1338), and we are required by Rule 83.09 to dismiss the appeal for failure to comply with Rule 83.06 "unless good cause is shown or the interests of justice otherwise require" [Lane v. Katt, Mo. App., 421 S.W.2d 544, 546(5)], or unless appellants' omission to act within the time specified "was the result of excusable neglect." Rule 44.01(b). Appellants have not applied for additional time to file their brief nor undertaken to demonstrate good cause, or to show why the interests of justice would require that we not dismiss the appeal at this time. Dye v. Geier, Mo., 345 S.W.2d 83, 89(6). Neither have they attempted to excuse their tardiness through excusable neglect or even common forgetfulness, a foible of which we are all guilty on occasion. Rather, in their reply to respondent's motion, appellants advance—and we search for the proper term—an argumentum ad ignorantium that because the notice of appeal was filed prior to the effective date of the amendment to Rule 83.-06(a), they are not bound thereby and have license to file their brief "forty-five days before the day on which the cause is set for hearing," as provided by the rule before it was altered upon order of the Supreme Court. Any expectation that such reasoning would meet with unobjectionable ingestion ignores the fact that the time for filing an appellant's brief, as required by Rule 83.06(a), is computed from the date the transcript on appeal is filed with the clerk of the appellate court; the date of the filing of the notice of appeal is not and never was involved in determining when an appellant's brief was to be filed under the Rules of Civil Procedure. Moreover, such an argument presupposes our ignorance of Rule 41.08 which states that "The Rules of Civil Procedure * * * and amendments thereof * * * shall govern * * * all further proceedings in actions then pending * * *." If the meaning of Rule 41.08 were not so self-evident, we would have only to look to the Committee Note thereunder to learn that the rule "is intended to make clear the effect of these Rules on Pending Actions." See Union Electric Company v. Stahlschmidt, Mo., 365 S.W.2d 493, 494(2); Petition of Schuette, 2 Cir., 178 F.2d 920, 921; Federal Rule 86.

■ The January 15, 1969, order of the Supreme Court made the amendment of Rule 83.06(a) effective September 1, 1969, or approximately seven months before the transcript on appeal was filed in this cause. The amendment was published (art. V, § 5, Constitution of Missouri) in the February 1969 issue of the Journal of The Missouri Bar (Vol. 25, No. 2, p. 77) and appeared in Advance Sheet No. 2 of 435 S.W.2d pp. XXXIX-XL, dated February 11, 1969. If these publications were insufficient to apprise counsel of the amendment, then the clerk's letter of March 23, 1970, properly addressed, stamped and deposited in the United States mails, permits us to indulge the undenied presumption that the fact and contents of the amended rule were duly communicated to and received by appellants' representative. See cases collected in 12 Missouri Digest, Evidence ☞ No. 71.

We acknowledge that the rules are to be liberally construed to minimize the number of cases disposed of on procedural questions. Rule 83.24. To that end, we have, ex gratia, reviewed the transcript on appeal to determine if any points raised by the motion for new trial [Rule 79.03; McConnell v. Pic-Walsh Freight Company, Mo., 432 S.W.2d 292, 301(17)] or if any plain error affecting substantial rights may be involved (Rule 79.04) which would deter us from disposing of this case on a procedural question. We find no such error or substantial merit to any of the points made in the new trial motion which could be preserved for consideration on ap-

peal that compel us to overlook appellants' violation of Rule 83.06(a).

For the reasons stated, respondent's motion is sustained and the appeal is ordered dismissed.

All concur.