**In the Matter of The ESTATE OF August R. MONIA, Jr.,**

**Robert R. MONIA, Jr. and Leon G. Monia, Petitioners/Appellants,**

v.

**Michael MONIA, Respondent/Respondent.**

No. 67258.

Missouri Court of Appeals, Eastern District, Division One.

July 25, 1995.

John A. Walsh, Jr., St. Louis, for petitioners/appellants.

Francis Toohey, Jr., Toohey, Gaultney & Blair, P.C., Perryville, for respondent/respondent.

REINHARD, Presiding Judge.

Petitioners appeal the order by the probate division of the circuit court setting aside its previous order directing issuance of letters of administration of the estate of August R. Monia, Jr. (decedent). We reverse and remand.

Decedent died on April 7, 1993. He was survived by a wife and four children. On December 6, 1993, petitioners, two brothers of decedent, filed a petition seeking a circuit court order requiring administration of the decedent's estate. Section 473.020, RSMo

1994,[1] permits any interested person to apply to the court for the appointment of a personal representative if no application for letters is filed within twenty days of a decedent's death by a person entitled under § 473.110. Petitioners asserted that they were interested persons due to their alleged right to demand an accounting of the decedent's acts as an attorney-in-fact under durable powers of attorney for two deceased cousins.

A hearing was held in which petitioners appeared by counsel. The surviving wife and four children appeared by separate counsel to contest appointment (respondent here is one of decedent's sons). The probate court held that petitioners' ability to require an accounting made them interested parties in decedent's estate. On December 16, 1993, the court issued an *"ORDER DIRECTING ISSUANCE OF LETTERS"*. In pertinent part, this order stated:

It is thus Ordered that if the above named persons entitled to make application to serve as Personal Representative in this estate make proper application and qualify within seven (7) [days] of the date of this Order, Letters of Administration shall be issued accordingly. If the Will of the deceased is filed and application made for admission, Letters Testamentary will be granted upon proper application. *It is further order [sic], upon failure of any person entitled to priority to request appointment as personal representative, that Letters of Administration shall be issued to any competent and suitable person upon proper application, and in the default thereof, Letters of Administration shall be issued to the Public Administrator.* (Emphasis added).[2]

The order further required the petitioners to deposit funds for the payment of court costs and publication "and such other sums as may be required by the court for the payment of reasonable fees and costs of administration." There was no appeal of this order.

On September 15, 1994, respondent filed a motion seeking "to dismiss the ... cause or, in the alternative, set aside its Order Directing Issuance of Letters". Respondent stated:

1. Decedent died on April 17 [sic], 1993.

2. Decedent's will has been submitted to probate, but no person has made application for letters within the statutory period.

3. That under the law, no Letters of Administration can be issued after one year after the decedent's death.[3]

The court held a hearing on the motion on October 4, 1994; the court then entered an order which stated:

[T]he court grants said Motion finding that section 473.070 RSMo 1989 prohibits the opening of a decedent's estate where no application therefore has been made within one year of the death of the decedent. Pursuant to this Court[']s Order of December 16, 1993, upon the Petition to Require Administration, Court finds that no party has applied for Letters of Administration or Letters Testamentary and that this court was not requested by Petitioners to appoint the Public Administrator and that Petitioners were informed by the Court that no person entitled to apply had made application for the opening of an estate. It is therefore ordered that the Motion to Dismiss is granted, and the Clerk is directed to close this file.

■ On appeal, petitioners argue that the December 16, 1993 *"ORDER DIRECTING*

---

1. All further statutory references are to RSMo 1994.

2. This order parallels the language and power vested in the court by § 473.020.2 (the statute permitting interested parties to request administration):

After hearing the court may order the issuance of letters testamentary or of administration to the person found by the court entitled thereto and who *applies* and qualifies therefor within three days, or within such longer time as is allowed by the court, *and, in default of application and qualification, to some other person found suitable;* or it may enter an order refusing letters on the estate or dismissing the petition. (Emphasis added).

3. Respondent apparently was referring to the one year rule contained in § 473.070.1 which reads, in pertinent part: "no administration [shall be] granted unless application is made to the court for the same within one year from the death of the decedent."

*ISSUANCE OF LETTERS*" had ordered the appointment of the Public Administrator since no other competent and suitable person applied. The appointment of the Public Administrator, they contend, was not conditioned upon a request for such appointment. They state that pursuant to the order, the Public Administrator was appointed prior to the one year time limit of § 473.070 and, therefore, dismissal under that statute was error.

We begin by noting that if the court's order appointed the Public Administrator, then the one year application limitation of § 473.070 would not bar administration of decedent's estate. Section 473.743 describes the manners in which a duty is imposed on a public administrator to take charge of an estate. This section reads, in pertinent part:

It shall be the duty of the public administrator to take into his charge and custody the estates of all deceased persons, and the person and estates of all minors, and the estates or person and estate of all incapacitated persons in his county, in the following cases:

\*    \*    \*    \*    \*    \*

(9) Where from any other good cause, the court shall order him to take possession of any estate to prevent its being injured, wasted, purloined or lost.

A court order of public administration is implicitly within the court's powers in a § 473.020 request for administration where "in default of application and qualification" the court may issue letters "to some other person found suitable." Application for letters by the Public Administrator from a § 473.743(9) order is unnecessary. "An order directing the public administrator to take

charge is in the nature of his appointment as an administrator of the estate." Borron, *Missouri Practice*, Vol 5B: *Probate Law and Practice* § 1811 (1992).[4] Thus, we hold that, at a minimum, a court's order of public administration within one year of a decedent's death satisfies the one year application requirement of § 473.070.1.

■ The crucial issue, therefore, is construing the meaning of the court's *"ORDER DIRECTING ISSUANCE OF LETTERS"*—whether it required a request that the Public Administrator be appointed or whether the order itself provided for the appointment of the Public Administrator. We note a court may impose terms as a condition precedent to the enjoyment of the benefit of an order. 60 C.J.S. Motions and Orders § 56 (1969).[5]

A party to whom a favor has been granted by an order on conditions must, at his peril, take notice of the order and comply with the conditions, *according to the fair construction of their meaning,* and on such performance the order becomes absolute without any new order to that effect. Noncompliance with such terms or conditions gives a result equivalent to a denial of the favor. (Emphasis added).

*Id.*

■ The construction of a court order is a question of law. *Estate of Ingram v. Rollins,* 864 S.W.2d 400, 402 (Mo.App.E.D.1993). As a question of law, we are free to apply independent judgment to the construction of the order.[6] *Id.* at 402–03.

The legal principle is firmly established that the operative effect of an order lies in the order or decretal portion itself, rather

4. This principle is supported by our review of case law. In cases involving a court order of public administration, there is a consistent absence of indication that the public administrator applied for letters. It would be wasteful of the court's and the public's resources to require a public administrator to apply for letters when the court has already ruled that public administration is necessary under the standards of § 473.743(9).

5. A court's authority to place conditions upon the enjoyment of an order is limited to orders within the discretion of the court, and conditions may not be imposed on an order to which a party has

an absolute right. 60 C.J.S. Motions and Orders § 56 (1969). Our resolution of this case does not require us to determine whether it would exceed the court's authority to have made the appointment of the Public Administrator conditional.

6. Authorities suggest that where the court making the order construes the meaning of an ambiguity in the order, that court's construction should be conclusive. 60 C.J.S. Motions and Orders § 64(d) (1969). We find no ambiguities in the order, and, thus, do not give conclusive effect to the probate court's construction.

than in any accompanying recitals, findings, memorandum or opinion. In construing the order, the general rules of construction apply and words and clauses must be construed in accordance with their natural import. The order should be examined in its entirety, with an eye to making sense of the language used. If the language employed is plain and unambiguous, there is no room for interpretation and the effect thereof must be declared in the light of the literal meaning of the language used.

*Id.* at 403 (citations omitted).

In granting respondent's motion to dismiss, the court construed the December 16th order as requiring a request by the petitioners as a condition precedent to the appointment of the Public Administrator. We find error in this construction.

The language of the *"ORDER DIRECTING ISSUANCE OF LETTERS"* is plain and unambiguous. It orders the appointment of the Public Administrator unconditional to a request for such appointment. The order provides three possibilities for issuance. Each of the possibilities concerns *to whom* letters will be issued; the order does not suggest that letters will not be issued. The three possibilities are: (1) letters of administration shall be issued to those with priority who apply within seven days, or, Letters Testamentary shall be issued to qualified applicants if a will is filed; (2) in the event of a failure of the first possibility, letters will be issued to competent and suitable applicants; and (3) in the event of the failure of the second possibility, "Letters of Administration *shall* be issued to the Public Administrator." (Emphasis added). The word "shall" is an expression of compulsion and obligation. *See Capoferri v. Upham,* 456 S.W.2d 793, 793–94 (Mo.App.1970). Its use implies a mandatory requirement as opposed to discretionary or permissive act. *See Waeckerle v. Board of Zoning Adjustment,* 525 S.W.2d 351, 358 (Mo.App.1975). The order neither explicitly or implicitly suggests that there must be a request prior to issuance of letters to the Public Administrator. Rather, the plain and unambiguous meaning of the order is that the Public Administrator was mandatorily appointed upon the failure of the other two possibilities.

Respondent points to the following language (emphasized below) to support his contention that the order required a request before the Public Administrator would be appointed: "It is further order [sic], upon failure of any person entitled to priority *to request appointment* as personal representative,...." Reliance on this passage is unavailing. The plain reading of the passage shows that the emphasized language is modifying "persons entitled to priority" and is not creating a condition to the appointment of the Public Administrator. Furthermore, the "request" concerns appointment of a person entitled to priority and not the appointment of the Public Administrator. Respondent's argument is without merit.

We note that our construction of the order is congruent with the procedures contained in Missouri's probate code. Among the purposes of § 473.020 is to provide parties with an interest in a decedent's estate a method for having a representative appointed so that their interest may be heard, settled and/or adjudicated. A § 473.743(9) order is intended to protect an estate from being injured, wasted, purloined or lost prior to its proper disposition where no other mechanisms exist for so protecting the estate. Our construction of the court's order in light of the allegations contained in the petitioners' petition is consistent with the intent and purposes of the statutes through which the court was acting.

Moreover, our construction is also supported by inferences from the circumstances of this case. The petitioners' *"PETITION TO REQUIRE ADMINISTRATION"* explained that they needed a personal representative of decedent's estate in order to pursue their accounting action. The purpose of their petition was to have a personal representative appointed:

WHEREFORE petitioners pray that this court enter its orders requiring the administration of the estate of August R. Monia, Jr., and appointing an appropriate person as personal representative of said estate.

The petitioners' desire to have a personal representative appointed was made abundantly clear by their petition. A further request in light of the court's order that appeared to grant the petitioners' petition and which did not ask for further request would have been redundant, wasteful, and without grounds to anticipate its necessity. As noted above, a condition precedent to the enjoyment of the benefit must be fulfilled "according to the fair construction of their meaning". The order contained no condition requiring a further request for public administration. To silently impose such a condition to deny the petitioners an opportunity to seek from the court a resolution of their cause would be an injustice.

The respondent argues that no injustice was done by dismissing the cause. He notes "that Petitioners were informed by the Court that no person entitled to apply had made application for the opening of an estate", and yet, the petitioners did not request appointment of the Public Administrator. Furthermore, the court clerk made a February 1, 1994, docket entry which read: "I called [petitioners' counsel] RE: this matter—He advised me he will call the Public Administrator tomorrow." Respondent contends that these entries show that the petitioners were not ignorant of the alleged "request" condition. However, these entries do not support respondent's contention. Being informed by the court that no person entitled to apply had made application was of no significance. The order stated that the Public Administrator shall be appointed in default of any other applicants. Relying on the plain language of the order, this information was relevant to the petitioners only as to whom would administer the estate, not whether the estate would be administered. Additionally, their counsel's stated intention of calling the Public Administrator is consistent with a belief that the Public Administrator was ordered to take charge of the estate.

We hold that the *"ORDER DIRECTING ISSUANCE OF LETTERS"* appointed the Public Administrator to administer the estate of decedent prior to the one year limitation contained in § 473.070. The probate court erred in dismissing the cause pursuant to that section. We reverse the dismissal and remand to the probate court to proceed with the cause with the Public Administrator as personal representative of decedent's estate.

Reversed and remanded.

GRIMM, C.J., and GARY M. GAERTNER, J., concur.